Submitted on briefs February 7, reversed and remanded February 19, 1918.

## ELLIOTT *v.* LAWSON.

(170 Pac. 925.)

**Continuance—Discretion—Exercise.**

1. On application for a continuance, trial court should exercise its judicial discretion according to fixed legal principles in order to promote substantial justice.

**Continuance—Denial—Propriety.**

2. A member of the National Guard who was in federal service was granted a furlough to return to attend to some of his private business. While traveling in an automobile to connect with the only train that day leaving the locality and by which he could return to his regiment within the time specified by his furlough, he was served with summons and complaint. He had no more than a half hour in which to look up his attorney and advise him of the situation, which he did. Such guardsman was unable to advise his attorney of the circumstances, and his testimony was necessary to explain books of account necessary to his defense. *Held* that, as it is the policy of the law to give a party to an action his day in court or a sufficient opportunity to make any defense claimed by him, the denial of an application for a continuance on behalf of such national guardsman

to enable him to make his defense, it appearing that trial was had approximately a month after service of process, was an abuse of discretion, this being particularly true in view of the policy of the law as shown by Laws of 1917, page 515, relating to the suits to foreclose mortgages, and levy execution of judgment upon and against lands of soldiers and sailors in actual service.

From Crook: T. E. J. DUFFY, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is an action for $1,149.46, based upon seven different accounts assigned to plaintiff for collection; one for printing advertisements amounting to $111.35, and the others for balances on account of goods, wares and merchandise.    The answer consists of general denials.

REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. Jay H. Upton.*

For respondent there was a brief prepared and submitted by the plaintiff, *Mr. M. R. Elliott.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant's attorney filed a motion for a continuance of the cause supported by his own affidavit showing substantially the following facts: Douglas Lawson is a resident of Prineville, Crook County, Oregon.    In July, 1916, in response to the call of the President of the United States, the National Guard of the various States of the Union were called into the service of the United States for duty upon the Mexican Border. Although living in Oregon, the defendant was a member of the National Guard of the State of Massachusetts, and responding to the call enlisted with his regiment in the service of the United States.    He was immediately sent with his regiment to the Mexican Border near El Paso, Texas.    In the month of August

he was granted a furlough for the purpose of returning to Prineville to attend to certain private matters, by the terms of which he was to return to the regiment on August 31, 1916. For a few days prior to August 26, 1916, he had been in the City of Prineville, and on that day, while traveling in an automobile from that town to connect with the only train leaving Central Oregon on that day, he was served with the summons and complaint in this action. He had no more than a half hour in which to look up his attorney, advise him of the situation and catch the train in order to rejoin his regiment, which he was compelled to do and did.

A demurrer having been filed to the original complaint and an amended complaint, and also a second amended complaint filed, on September 22d defendant demurred to the latter complaint, which demurrer was overruled, and on September 25th, by his counsel, filed an answer. On the same day the cause being called for trial, defendant, through his attorney filed a motion for a postponement thereof, based upon the affidavit of his counsel setting forth the above facts, and also that it was impossible for the defendant to be present at the trial; that he was not a free agent by reason of his military service; that he had not had sufficient, or any, time to prepare his defense or to fully advise or inform his counsel of his evidence; that the evidence consisted of a large number of book accounts, receipts and other documents which could not be identified or explained without first communicating with him, which was then impossible to do; that he owns a large amount of valuable property in Crook County; that it was impossible to obtain a second furlough in order that he might return to the State of Oregon at that time to attend the trial; that plaintiff well knew the

defendant would return to the State of Oregon as soon as the military service was over; that there had not been sufficient, or any, time within which to prepare depositions or to ascertain the necessary information upon which defendant's counsel could prepare such depositions at any time since the complaint was filed, so that defendant would have a fair trial of the matter set out in the complaint, if then compelled to go to trial; that the action of the plaintiff in demanding the trial at that time would tend to hinder and prevent the military forces of the United States from performing their duty.

Several of the parties who assigned their accounts to plaintiff made and filed affidavits tending to show that the accounts as claimed were justly due and unpaid. As to the circumstances of the defendant soldier and the necessity for continuance of the action in order that he might be present or have a sufficient time and opportunity for making his defense, we find no dispute. The court denied the motion for continuance. On September 26, 1916, after hearing the evidence on behalf of the plaintiff, the defendant's counsel declining to offer any testimony, the court directed a verdict in favor of plaintiff for the amount claimed and rendered judgment therefor. Defendant appeals, assigning among other errors the refusal to grant a continuance of the cause.

1, 2. It is the policy of the law to give a party to an action his day in court, or a sufficient opportunity to make any defense claimed by him. Under the circumstances of this case as detailed by affidavit on behalf of the defendant and in regard to which there is practically no controversy, we think the trial court in the exercise of its discretion should have granted a postponement of the trial. Such judicial discretion should be

exercised according to fixed legal principles in order to promote substantial justice: *Linn County* v. *Morris,* 40 Or. 415, 420 (67 Pac. 295). While in the military service of his country and on that account compelled to be absent from the place of trial of a case in which he is a party and at which his presence is necessary for a proper conduct thereof, the defendant has one of the strongest reasons for the continuance of the action. It is shown that the presence of the defendant at the trial was absolutely necessary. Chapter 275 of the Laws of 1917, p. 515, relating to and limiting suits to foreclose mortgages, and levy of execution upon judgments, upon and against lands of soldiers and sailors in the actual service of the United States during war, indicates the legislative trend in regard to such matters.

The judgment of the lower court is reversed and the cause remanded for such further proceedings as may be deemed proper not inconsistent herewith.

REVERSED AND REMANDED.