This is a suit to annul a contract entered into by plaintiff and defendants in July, 1928, whereby plaintiff agreed to purchase and defendants to sell for $3,550 certain real and personal property in Lincoln county, Oregon. Plaintiff paid thereon the sum of $1,675 and agreed to pay the balance upon defendants furnishing him with an abstract showing a good title to the land in defendants. The suit was brought to annul the contract and for a recovery of the moneys paid on the ground that plaintiff had been induced to enter into the contract in reliance upon certain false and fraudulent representations made to him by defendants that the lands sold included valuable pasture lands and clam beds, which were not included within the boundaries of the lands sold nor owned by defendants. The complaint alleges the making of said representations, that they were falsely and fraudulently made, and that, in reliance thereon, plaintiff entered into the contract and made part payment of the purchase price. Defendants answered, denying that said representations were made and alleging performance by them of the contract and plaintiff's failure to pay the balance due under the contract, and praying for a strict foreclosure of the contract. These affirmative allegations of the answer were denied by the reply. The original complaint was filed in November, 1928, and a motion to make the complaint more definite and certain was sustained and an amended complaint was filed on April 13, 1929.
Before the case was at issue, it was set for trial in the circuit court for Lincoln county for May 7, 1929. The answer, however, was filed on May third and the reply on the following day, but the case was not tried on the day set for the reason, as shown by affidavits filed at that time, that plaintiff had not at that time *Page 671 
fully recovered from a major operation which had been performed shortly before said time and was too ill to be present at the trial on that date. On that showing, the case was continued for the term but was not set for a day certain at the next term of court which commenced on September 7, 1929. At the commencement of said term of September, 1929, there were pending in the court a number of law actions requiring jury trials which, under the practice followed in said court, were first disposed of before the trial of the equity cases.
On September 18, 1929, as appears by the affidavit of Mr. Guy O. Smith, one of plaintiff's attorneys, who, at the time, was engaged in the trial of a cause in the circuit court for Linn county, he was notified that this suit had been set for trial on September 20 at ten o'clock a.m. of said day. He immediately prepared and caused to be filed an affidavit showing his attendance in the court last referred to, and also that it was impossible for him to get into communication with his client in time to take up the trial at the time set and requested the court to continue the hearing of the equity suit until the middle of the following week, or some later date to be set by the court. His affidavit, omitting the title of the court and cause, is as follows:
"I, Guy O. Smith, being first duly sworn, depose and say:
"That I am one of the attorneys for the plaintiff in the above-entitled suit.
"That prior to the convening of the circuit court in Toledo, Lincoln County, for the September term of 1929, I had a case set for trial in Albany, Linn County, Oregon, before Judge Percy R. Kelly without a jury. That said trial in Linn County was commenced on the 10th day of September, 1929, and we were engaged in the trial of that case on the 10th, 11th and 12th of *Page 672 
September, 1929, at which time the case was continued on account of other work by the court and engagements by the attorneys interested, to and until the 18th day of September, 1929, at which time we resumed the trial of that case, and at the conclusion of the session of the 18th the case was again continued until the 20th day of September, 1929, at nine o'clock a.m., for further hearing. I am advised by the attorneys for the defendant in that case now on trial in Linn County, Oregon, that it will take all day the 20th and possibly and probably a portion of the 21st of September, 1929.
"After the case in Linn County had been set for trial I received a letter bearing date of September 8th from L.L. Krause, attorney at Toledo, Oregon, who is associated with me in the within case, advising that Judge Skipworth had not set the equity cases; that he had ten jury cases for trial and that he did not know how long it would take to try those cases, and that he would advise me as soon as the above case was actually set down for hearing.
"I received a telephone call from Mr. Krause about 8:30 p.m. on the evening of September 18th, advising me that Judge Skipworth had just set the above case for trial for the 20th of September, at ten o'clock a.m. This was the first notice that I had of the case having been set for trial and I am satisfied it is the earliest notice that Mr. Krause had had of the case having been set. I immediately arranged to get in touch with Mr. Baker, the plaintiff in this suit, to advise him of the condition and attempt to have him arrange for the trial of the case, and was unable to reach Mr. Baker over the phone. I again tried to get in touch with Mr. Baker over the phone and by messenger on the morning of the 19th of September, 1929, and then received the information that Mr. Baker had gone to Vida, Lane County, Oregon, for a few days, the exact length of time being unknown; he having left on the 18th of September, 1929.
"I then attempted to phone Mr. Baker at Vida, Oregon, but was advised by the long distance operator that the line was down between Springfield and Vida, *Page 673 
and it was impossible to get in communication with anyone at the station of Vida. I again attempted to ascertain if there was a telegraph station at Vida, and was advised that there is no telegraph station at said place.
"I am not familiar with the names and addresses of the witnesses that Mr. Baker, the plaintiff, expects to have called at the time of the hearing of this case, and it would be impossible for me to arrange for their attendance without first consulting the plaintiff, Mr. Baker, and it would be impossible to go to trial in said case without Mr. Baker being personally present as I understand that it will be necessary to prove by him, in the main at least, each and all of the material allegations in the amended complaint.
"I am satisfied that Mr. Baker has the names of the witnesses whom he expects to call, and we expect to prove by Mr. Baker and said witnesses, that the statements and representations were made by the defendants to the plaintiff as set forth in paragraph IV of plaintiff's amended complaint. We expect to show that the consideration for said property was the sum of three thousand five hundred and fifty ($3,550) dollars, and that Mr. Baker had paid on account thereof the sum of sixteen hundred and seventy-five ($1,675) dollars on the purchase price. We expect also to show that the statements made by the defendants as set forth in paragraph IV of plaintiff's amended complaint were untrue and that they were known by the said defendants to be false and untrue and were made for the purpose of misleading plaintiff, and plaintiff relied upon said statements and said statements were made with the intention of deceiving plaintiff, and that plaintiff acted upon said representations and statements to his damage and injury. We expect further to show that plaintiff has paid for the improvement of said property the sum of one thousand four hundred and three and 78/100 ($1,403.78) dollars, and that the same was a reasonable amount for the improvements made. We expect further to be able to show by the plaintiff and his witnesses that *Page 674 
on account of the matters as set forth in plaintiff's amended complaint as hereinabove mentioned defendants could not foreclose their said contract.
"I am unable to give the address of said witnesses except as the wife of W.G. Baker, whose name is Margaret Baker, and she resides at 1950 North Water street in Salem, Oregon, but she is at present with the plaintiff at Vida, Oregon.
"I prepared the pleadings in the within case and I am familiar with the character of the testimony expected to be adduced by the plaintiff and his witnesses and I am satisfied that the plaintiff would insist on my personal attention in the trial of said matter, and on account of the arrangements as hereinabove mentioned it would be impossible for me to be in Toledo to try said case on the 20th day of September, 1929.
"I am satisfied that should said case be continued until the following week, that is, the week beginning September 23, that Mr. Baker, the plaintiff, will return to Salem and that he can prepare and be ready for trial by the middle of said week. I am satisfied that the plaintiff will also be ready for trial by the next term of court, or at practically any date that the court might set said case for hearing after the middle of the following week.
"That the motion herein is not made for the purpose of delay but is made solely on account of the reason that plaintiff cannot go to trial at this time, and that should the court insist upon the hearing of said case it would be necessary that plaintiff would ask that said cause be dismissed which would necessitate commencing the suit over again and plaintiff would be substantially injured on account of such course.
"Guy O. Smith.
"Subscribed and sworn to, etc." *Page 675 
A counter-affidavit was filed by Mr. Arthur Clarke, one of the attorneys for defendants, reading as follows:
"I, Arthur Clarke, being first duly sworn, depose and say:
"That I am one of the attorneys for the defendants herein;
"That at the adjourned term of the above-entitled court, held Saturday, September 7th, 1929, at the request of the plaintiff as well as the defendants, the above case was placed on the trial docket of the above court and has been thereon since said date;
"That Messrs. English Krause who have been representing Guy O. Smith and for him had said case placed on the trial docket, as aforesaid, have been daily in the above court and have at all times been familiar with the condition of said docket;
"That it would be a great damage, inconvenience and loss to the defendants if the trial of said cause is postponed; that said defendants, and each of them, are elderly people above seventy years of age; that the defendant Christen Jensen is in a poor condition of health and has been in such poor condition of health for three months; that every effort has heretofore been made by the defendants to have said cause tried, by reason thereof that the property involved in the suit is laying idle, some thereof being personal property, cattle and stock;
"That the defendants have arranged for the presence of a large number of witnesses, several of whom are now in Toledo and the remainder thereof on the way to Toledo, all for the purpose of testifying in this cause;
"That some of said witnesses are traveling from distant points, to wit: Portland; Halsey in Linn county; Waldport in Lincoln county;
"That all of said witnesses will be here in time for the trial of said cause.
"Arthur Clarke.
"Subscribed and sworn to, etc." *Page 676 
Upon the filing of these affidavits the learned trial court refused to grant plaintiff a continuance either for the term or until a later date. One of plaintiff's counsel thereupon moved the court to dismiss the suit without prejudice so that another suit could be brought to obtain the same relief. The court denied the latter motion because the answer pleaded a counterclaim. Plaintiff, being wholly without witnesses, offered no evidence. The court thereupon dismissed the complaint and permitted defendants to offer evidence tending to establish their counterclaim and then made and entered a decree in favor of defendants, decreeing that the balance unpaid under the contract constituted a lien on the lands and directed that the lands be sold to satisfy said lien. The decree further provided that plaintiff be forever barred and foreclosed from any right, title, interest or claim in the lands or any part thereof. From this decree, plaintiff has appealed, contending that the refusal of the court to grant a continuance was an abuse of discretion.
The power of a court to grant or refuse a continuance is a discretionary power which is to be exercised in a sound and legal manner and not arbitrarily or capriciously. It is not an unrestricted power, however, nor is it a decision upon matters within the absolute discretion of a court and, hence, not reviewable in courts of appeal. As was said by Mr. Justice STRAHAN in Mitchell v. Campbell, 14 Or. 454 (13 P. 190):
"In ordinary cases the court will not interfere with the discretion of the trial court in matters of practice before it. The law has wisely vested those courts with very large discretionary powers in such matters; but it is a judicial discretion, not to be capriciously or oppressively exercised." *Page 677 
Whether the action of a trial court in denying a motion for continuance is an exercise of sound judicial discretion must be determined from the particular facts of a given case and, if under the pretense of exercising discretion the court has acted oppressively or arbitrarily, its action is an abuse of discretion which is reviewable upon appeal. As said by this court in LinnCounty v. Morris, 40 Or. 415 (67 P. 295):
"* * * The judicial discretion that is not subject to review on appeal is such an exercise of authority in the mode of proceeding for the enforcement of rights or the redress of wrongs as is reasonably designed, according to fixed legal principles, to promote substantial justice."
In support of that principle, the court cited numerous Oregon cases. To the same effect see Ex Parte Jerman, 57 Or. 387
(112 P. 416, Ann. Cas. 1913A, 149); State v. Lewis, 113 Or. 359
(230 P. 543, 232 P. 1013); Clevenger v. Smith, 126 Or. 384
(270 P. 501).
Under the circumstances disclosed by the affidavits filed in the instant case, we think it was error for the court to deny plaintiff's application for a continuance to some later date. The fact that defendants had subpoenaed certain witnesses and had incurred thereby some expenses was not sufficient in itself alone to justify the court in refusing a continuance. The court could have provided for the reimbursement of such expense to defendants by imposing terms upon the plaintiff and this, we think, it should have done. Plaintiff's principal attorney was actually engaged in the trial of another cause in another court in a different county and could not be present at the time set. A postponement of the trial to the middle of the following week would have obviated this difficulty. Plaintiff, however, was represented by other counsel who *Page 678 
could have tried the case if the plaintiff had been present at the trial, or if he could have been reached in time to have him there. But he was away at a place where he could not be communicated with in time to be present at the trial. Plaintiff, of course, should have been present if the circumstances of the case had been such as ordinarily arise in the trial of causes. The case, however, was different from the ordinary. The term had been commenced on the seventh of September and there were at the time ten law actions which in the ordinary course of events would require jury trials. How long it would take to dispose of those cases was a matter of conjecture only and this case was not set for trial for September 20 and notice thereof given to Mr. Smith until the evening of September 18. Plaintiff resided at Salem but he was temporarily away from home, having been called to Vida, Lane county, Oregon, by reason of an exigency of which Mr. Smith had no knowledge until plaintiff's return therefrom. His reason for going there was not stated in the affidavit of Mr. Smith and was unknown to the trial court at the time the continuance was refused. The affidavit, however, stated that plaintiff would be present at the trial if the case was continued to the middle of the following week. If the business of the court was such that the case could not have been heard during the following week, or at some later date before the beginning of the next term, then the case should, under the circumstances disclosed by the affidavit, have been continued until the following term of court.
It appears from the decree that defendants had judgment for their costs and disbursements taxed at $171.80, which sum should be paid by plaintiff to defendants because of plaintiff's failure to be present *Page 679 
at the trial. For the reasons stated, the decree appealed from must be reversed but it will be reversed only on condition that on or before the first day of the next regular term of the circuit court for Lincoln county plaintiff pay to the clerk of said court for defendants the said sum of $171.80. If not so paid on or before said date, the decree of the lower court will be affirmed, and it is so ordered.
BELT and KELLY, JJ., concur. *Page 680