## ALFORD v. GLENN et al.
### No. 5828.

Court of Appeal of Louisiana. Second Circuit.

Jan. 10, 1939.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, Charles J. Mundy and Edw. A. M. Estalote, both of New Orleans, and John Paul Jones, of Gibsland, for appellants.

Ben F. Roberts, of Shreveport, and Robert H. Wimberly, of Arcadia, for appellee.

DREW, Judge.

This is a petitory action in which the plaintiff alleges he is the owner of the S½ of the SE¼ and NW¼ of SE¼ and the SE¼ of the SW¼ of Section 24, Township 16 North, Range 5 West, Bienville Parish, Louisiana. He sets out a chain of title back to the United States government.

Plaintiff alleges that Rupert Glenn and L. C. Glenn, her husband, are in possession of said property and claim to be the owners thereof. He then sets out numerous persons and a corporation who are claiming mineral leases on said land by virtue of mineral leases executed by different claimants of the property. The prayer of the petition is as follows:

"Wherefore, petitioner prays for service of this petition and citation according to law upon Rupert Glenn, L. C. Glenn, James M. Sims, Arkansas Louisiana Gas Company, and that a curator ad hoc be appointed to represent W. L. Norman, W. E. Stone and S. A. Norman; that they be served with copies of this petition and

cited through said curator ad hoc, and after trial had, for judgment recognizing and decreeing petitioner to be the owner of the land described in paragraph 1 of this petition and judgment annulling, avoiding and setting aside the leases, deeds and instruments described in paragraphs 7, 8 and 9 and 10 of this petition and ordering the same cancelled from the records of Bienville Parish, Louisiana. He prays for all needful orders and decrees and for general relief."

The petition was filed March 17, 1938. On April 4, 1938, the Arkansas Louisiana Gas Company filed its answer. On April 19, 1938, a preliminary default was entered against Rupert Glenn, L. C. Glenn, W. E. Stone, W. L. Norman and S. A. Norman.

On April 22, 1938, Rupert Glenn, through her attorneys, Charles J. Mundy and Edward A. M. Estolate, filed a motion for security for costs. On the same day Rupert Glenn, L. C. Glenn and James M. Sims, represented by the two above named attorneys, Mundy and Estolate, filed exceptions of no right of action, no cause of action, nonjoinder of parties plaintiff and misjoinder of parties defendant. On May 17, 1938, the motion for bond for costs and the exceptions of no cause of action, no right of action and nonjoinder were taken up, tried and overruled and default was entered against Rupert Glenn, L. C. Glenn and James M. Sims. Appellants contend they had no notice or knowledge of the exceptions being tried.

On May 24, 1938, W. L. Norman, W. E. Stone and S. A. Norman, through their curator ad hoc, filed answer, and on motion of counsel for plaintiff, the case was set for trial for June 21, 1938. On June 21, 1938, James Sims and Rupert Glenn filed answers and reconventional demands and prayed for trial by jury without furnishing a bond for the costs, under the Pauper's Act. The only attorney signing these answers was C. J. Mundy. Attorney Estolate, from the record, apparently had passed out of the case as counsel.

The application for a trial by jury without payment of costs was tried, evidence introduced and the application denied. On motion of plaintiff's counsel the case was fixed for trial for June 24, 1938, just three days later. Counsel for James Sims and Rupert Glenn strenuously objected to the fixing of the trial for June 24th, setting forth as his reason that he had two other cases already fixed for trial on that date in the city of New Orleans and could not be present in Bienville Parish on that date. His protest was ignored and the case accordingly fixed. After it had been fixed for trial over the protest of counsel for appellants, he returned to New Orleans and issued the following notice:

"No. 11,603,
"Major C. Alford vs. Rupert Glenn et al
"Second Judicial District Court
"Parish of Bienville,
"State of Louisiana.
"Notice of Intention to Apply to the Supreme Court of the State of Louisiana for Writs of Certiorari, Prohibition, etc.
"To Whom It May Concern:

"Please take notice that it is the intention of Rupert Glenn, one of the defendants in the above entitled and numbered suit, to apply to the Honorable Supreme Court of the State of Louisiana for writs of certiorari and prohibition, to prohibit the Court from taking up the trial of the above entitled and numbered suit on Friday, the 24th day of June, 1938, because of the fact that this case was only set for trial for said date on Tuesday, June 21st, 1938, and the intervening time of only one day is not sufficient to prepare for the trial, as it takes a day's time to travel from New Orleans to Arcadia, the Parish seat, in order to be on hand for trial at nine o'clock A. M., the time when court convenes in said Parish; also because counsel for defendant, Rupert Glenn, informed the Judge in open court at the time when he, the said Judge, ordered the case set down for trial for said date, that counsel had two cases set for trial in New Orleans for that date, and which cases had been set many days previous to the date (the 21st of June, 1938) when this cause was ordered tried on the 24th; that it is impossible, under the circumstances, for defendant to have her said case ready for trial for the 24th, and it amounts to an arbitrary action on the part of the Judge to so order said case for trial on so short a notice; that if the Bienville Parish Court is permitted to take up this case on the 24th, in the absence of defendant and her said counsel, it will be an arbitrary denial of justice to her and she has no adequate remedy by appeal.

"Please therefore govern yourselves accordingly.

"Copies of this notice sent to the Clerk of the Second Judicial District Court for delivery to the following named persons:

"Hon. J. Rush Wimberly, Judge.

"Robert H. Wimberly and Ben F. Roberts, Esqs., Attorneys for plaintiff.

"Blanchard, Goldstein, Walker & O'Quin and Robert Roberts, Jr., and George Conger, Esqs., Attorneys for Arkansas Louisiana Gas Company, defendant.

"Also,—

"Hon. Enos C. McClendon, Judge.

"(dated) June 22, 1938.

"Charles J. Mundy,
"Attorney for Rupert Glenn
and James Sims, Defendants."

On the following day, June 23, 1938, application for writs in accordance with the notice was filed in the Supreme Court at 3:50 P. M. On the same day the Supreme Court denied the application for writs in the following language:

"Thursday, June 23, 1938.
"Mr. Justice O'Neill.
"Major C. Alford vs. Rupert Glenn et al.
"No. 34,970.
"In re Rupert Glenn, applying for writs of certiorari and prohibition.

"The petition for writs of certiorari and prohibition is denied on the ground that the relatrix did not mail a copy of her petition to the adverse parties or their attorneys in time to be of any avail to them, and did not deliver a copy of the petition to the judge, whose ruling is complained of. See Section 7 of Rule 13. The right is reserved to the relatrix to urge her complaint on appeal if a judgment is rendered against her.

"(Signed) C. A. O'N.
"W. G. R.
"F. M. O.
"J. R. Land."

On the next day, June 24th, in the absence of counsel for Sims and Glenn, the case was tried and judgment rendered for plaintiff against Sims and Glenn. The record is barren of any evidence taken on that date, although the minutes show the case was tried by the introduction of evidence and judgment rendered for plaintiff as prayed for, and judgment rendered against L. C. Glenn in favor of plaintiff confirming the default.

From the judgment of the lower court Sims and Glenn prosecute this appeal.

The trial judge filed written reasons for overruling the protest of counsel for appellants to the fixing of the case for trial. His reasons are as follows:

"This case was filed March 17, 1938. Defaults were taken against three of the defendants on April 19, 1938, and defaults were entered against Rupert Glenn, L. C. Glenn and James M. Sims on May 17, 1938. On April 4, 1938, an answer was filed on behalf of the Arkansas Louisiana Gas Company. On April 24, 1938, answers were filed on behalf of all the other defendants, except Rupert Glenn, L. C. Glenn and James M. Sims. On this date, the case was fixed for trial for June 21, 1938. On this date, answers were filed on behalf of James M. Sims and Rupert Glenn. No answer was filed for L. C. Glenn. On the same day, namely; June 21, 1938, Rupert Glenn filed a motion for trial by jury and asked that she be relieved of making the $12.00 deposit for the jury and relieved from giving the regular jury bond. This motion was based upon her affidavit and the supporting affidavit of one of her attorneys, Charles J. Mundy, that she was unable to pay the deposit and give the bond. This application was traversed by plaintiff, evidence taken and the application denied. Counsel for plaintiff then moved that the case be fixed for trial for June 24, 1938. Mr. Charles J. Mundy, one of the attorneys for Rupert Glenn, objected to the fixing of the trial for this date on the grounds that he resided in the city of New Orleans and he had a case fixed for trial in one of the courts of that city for June 24th, not stating the title of the case, and he could not be in both courts at the same time. Counsel for plaintiff insisted on the right to have the case fixed for trial and urged that this was the last term of court before vacation and that the case had been standing on default against Rupert Glenn and James M. Sims since May 17, 1938, and that they had a right to have the case tried before court adjourned.

"Mr. Charles J. Mundy, one of the attorneys for Rupert Glenn and James M. Sims, made no claim that he would be unable to procure his witnesses for the trial and did not claim that he had any witnesses other than the defendants themselves. His only objection was based upon the fact that he lived in the city of New Orleans and had another case fixed for trial there.

The Court stated that it was always anxious to accommodate attorneys in the trial of their cases, so long as the rights of the other parties to the case were not involved. Under the facts heretofore stated, the Court did not feel that it was within its discretion to deny plaintiff the trial of the case on the sole grounds that the attorney, or rather one of the attorneys for the defendants, resided in another parish in the state and claimed he had a case fixed for trial there on the same date and therefore ordered the case fixed for trial for June 24, 1938. When the case was called for trial on this date, no application for continuance was filed. The case was heard and judgment rendered.

"J. Rush Wimberly,
Judge."

■ The lower court, in its reasons for overruling the objection of counsel for defendants to the fixing of the case for trial, refers to attorney Mundy as one of counsel for defendants, implying there were other counsel. As we have previously stated, the record discloses that at the time the answer was filed on June 21, 1938, there was only one attorney representing the defendants. It was on this day that issue was joined and the first day on which the case could properly have been fixed for trial. Counsel for defendants informed the court that he had other cases fixed for trial for that day in New Orleans; it was impossible for him to be in two places at the same time and was a sound and reasonable objection to the fixing of the case for June 24th.

It is true the case had been standing on preliminary default against appellants since May 17, 1938, and if the default was proper, plaintiff could have confirmed it long before answer was filed. It is apparent he did not choose to do so.

In the record, we find the following letter:

"New Orleans, La.,
"April 5, 1938.
"Mr. Rupert Sledge,
"Deputy Clerk of Court,
"Arcadia, La.
"Dear Sir:
"In re: No. 11,603,
Major C. Alford v.
Rupert Glenn et als.
"Enclosed please find motion and order for bond for costs to be filed in the above case, in the event that such a motion has not already been filed by one or more of the other defendants whom we do not represent.

"If such a bond for costs motion has already been filed, and a bond furnished, then please disregard the enclosed but then file the enclosed exceptions and advise me on the enclosed postal card when the same are set down for trial by the court.

"Thanking you for this favor, I am
"Very truly yours,
"Charles J. Mundy."

(Written on the letter in longhand is the following:)

"I don't want the exceptions filed until the bond for costs has been filed by the plaintiff and in this motion, I presume you and the sheriff will join, which is usually done."

Defendants' counsel contends that he was never notified of the fixing or trial of said motion and exceptions and did not know they had been tried and overruled until he received a letter from the deputy clerk of the court, dated May 26, 1938, notifying him that the case was fixed for trial for June 21, 1938, and the record containing the correspondence between defendants' counsel and the deputy clerk only shows the letter of date May 26, 1938.

■ It is not reasonable to suppose defendants' counsel would have allowed the case to stand on preliminary default subject to confirmation, had he known the motion and exceptions had been overruled and a preliminary default entered against his clients. We are not familiar with the Rules of the Second Judicial District Court and they are not in the record. The rules may provide that all exceptions and motions are automatically fixed for trial for the next motion day after they are filed and, if so, defendants' counsel may not have been entitled to special notice of the fixing of the exceptions and motion. However, he was entitled to know what disposition was made of the exceptions in order that he might protect his clients' interest, otherwise it would be dangerous for any lawyer to attempt to practice outside his own parish. If he had been notified immediately after the exceptions were tried and overruled, he no doubt would have filed answer and the case could have been orderly fixed for trial and heard before the summer vacation.

■ The manner in which the case was fixed deprived the appellants of their day in court. They are in possession of 160

acres of land which they claim as owners. Plaintiff contends he is the owner. The defendants are entitled to be heard and it would be an unjust law that would take their land from them without being given an opportunity to defend their rights. The law of this state (Act No. 53 of 1928, amending article 463 of the Code of Practice) is that when counsel requests the clerk to give him notice of the fixing of a case for trial, such notice shall be given at least ten days prior to the date the case is to be tried. By analogy, it seems to us that when counsel is present when a case is fixed for trial for a time less than ten days thereafter and he objects, his objection should be sustained.

We recognize the fact that in the matter of fixing cases for trial and the granting or refusing of continuances, the district judge has a wide discretion, but when that discretion is used in such a way as to deprive a litigant of his day in court, it amounts to an abuse of the discretion vested in the court. To fix a case of this nature for trial three days after issue has been joined, over the objection of defendants, is, in our opinion, such an abuse of discretion as to require a reversal of the judgment and the remanding of the case for a new trial. Especially is this true under the circumstances and facts of this case. The time between the fixing and the date of trial was so short counsel for defendants could not properly prepare applications for remedial writs to the Supreme Court, as is shown by the reasons for refusing the writs applied for.

The judgment of the lower court is therefore reversed and the case remanded to be tried in accordance with law; costs of both courts to be paid by plaintiff; other than the costs incurred prior to the trial below.