281 P.2d 136

Claude FINCH and Kate Finch, husband and wife, Plaintiffs-Appellants,

v.

WALLBERG DREDGING COMPANY, a corporation, Defendant-Respondent.

No. 8139.

Supreme Court of Idaho.

March 10, 1955.

Rehearing Denied April 4, 1955.

E. G. Elliott and John H. Fairchild, Boise, for appellants.

George Donart, Weiser, Jess B. Hawley and J. W. Galloway, Boise, for respondent.

SMITH, Justice.

A transaction of sale and purchase of a dredge, by respondent to appellants, was consummated August 2, 1950, evidenced by appellants' conditional sales note payable in full by June 1, 1951.

December 30, 1952, appellants served and filed their amended complaint directed against respondent, alleging appellants' damage growing out of delays caused by missing units and parts of the dredge, although respondent had represented the dredge to be in good condition, whole, and capable of being moved and put in operation; also, damage by reason of delays caused by liens and attachments by which the dredge became encumbered. Appellants prayed for damages and that respondent be enjoined from proceeding under the conditional sales note.

Respondent's general demurrer, filed January 28, 1953, appears to have been abandoned.

November 18, 1953, some ten and a half months after appellants filed their amended complaint, respondent answered, denying appellants' allegations of damage, and cross-complained for the unpaid balance claimed due and owing under the conditional sales note.

The parties thereupon stipulated December 21, 1953, as the trial date, which the court vacated on appellants' motion.

The court next set the case for trial February 3, 1954, which setting, by agreement of counsel, the court vacated, and it reset the case for trial February 10, 1954. Appellants, February 8, 1954, moved vacation of that setting because an essential witness could not be located, which motion the court granted.

The court next reset the case for trial February 23, 1954; also ordered appellants to pay promptly travel expenses and loss of earnings, if such there were, of any witness coming to Boise for the trial setting of February 10, 1954, whom respondent had not been able to notify of trial postponement. Respondent then presented the expense account of one of its witnesses for automobile mileage, four days travel time, meals, lodging and loss of part time wages, amounting to $195.50, which expense account appellants did not pay, but in large measure successfully contested, as hereinafter more fully appears.

February 19, 1954, Richards, Haga and Eberle served and filed notice of withdrawal as appellants' attorneys.

February 20, 1954, appellants engaged E. G. Elliott, one of their present attorneys, and February 23, 1954, filed a motion, supported by affidavits, for continuance of the trial setting.

February 23, 1954, at 10:00 o'clock A. M., the time set for trial, Mr. Elliott, appellants' then attorney, and T. H. Eberle, one of plaintiffs' former attorneys, of the firm of Richards, Haga and Eberle, were present in court, as were attorneys J. W. Galloway, George Donart and Jess B. Hawley, representing respondent.

Mr. Eberle then stated that his firm had withdrawn as appellants' attorneys, not because of appellants' failure to pay attorneys' fees but mainly because appellants, "had requested that I withdraw, * * * they have failed to follow my counsel and advice;" thereupon the trial court entered Mr. Elliott as appellants' counsel and denied appellants' motion for continuance.

Mr. Eberle, although he offered to impart to Mr. Elliott any knowledge he may have had concerning the case, nevertheless refused to consider a suggestion that he sit in at the trial. The trial judge then stated, "I will recess until two o'clock to give Mr. Elliott a chance to contact his clients and have them here at two o'clock," at which time appellants were present with Mr. Elliott.

The trial judge developed that he had granted continuance of the trial setting of February 10, 1954 on condition that appellants pay the expense incurred by any witness of respondent in coming to Boise who had not been contacted and advised of continuance of that trial setting, and that expense, so incurred, had not been tendered or paid. Colloquy then ensued between respondent's counsel and the trial judge as to how any such expense should be figured. Mr. Elliott, appellants' attorney, reaffirmed his inability to proceed with the trial, stating: "I just simply have to let it go on the court's order because I am not informed or qualified or familiar with any of the facts at all, and it would be a farce for me to attempt it and an imposition on the court."

The trial court thereupon granted respondent's motion to dismiss appellants' complaint, whereupon appellants and their attorney, Mr. Elliott, left the court room.

The trial court then proceeded with proof on the merits of respondent's cross-complaint and, February 26, 1954, entered judgment thereon against appellants, totaling $27,427.60, later assessing costs amounting to $201.75; also ordered appellants to surrender the dredge to respondent; also authorized respondent to sell the dredge and apply the proceeds upon the judgment, and protected respondent's right to deficiency judgment.

Contest then ensued concerning assessment of respondent's costs, particularly relating to the expense of one of respondent's witnesses who came to Boise for the trial setting of February 10, 1954, in the claimed amount of $195.50, which the trial

court, upon retaxing of costs, reduced to $80.25, by its order of March 22, 1954.

Appellants upon appeal from the judgment urge error committed by the trial court in denying appellants' motion for continuance under the particular facts and circumstances related, and urge that the court abused its judicial discretion in refusing such relief.

■ A motion for continuance is addressed to the sound discretion of the trial court, 17 C.J.S., Continuances, § 5, p. 191; 12 Am.Jur., Continuances, § 5, p. 45; Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347; Pauley v. Salmon River Lumber Co., 74 Idaho 483, 264 P.2d 466. The discretion of the trial court must not be exercised oppressively, arbitrarily or capriciously, 17 C.J.S., Continuances, § 5, p. 193; Eckert v. Graham, 131 Cal.App. 718, 22 P.2d 44; Baker v. Jensen, 135 Or. 669, 295 P. 467; Elliott v. Lawson, 87 Or. 450, 170 P. 925.

The affidavits of appellant Claude Finch and E. G. Elliott, his attorney, in support of appellants' motion for continuance, were not controverted by counter affidavit or other sworn counter showing. The trial court's record, including such affidavits, show that appellants' attorneys, after having represented appellants for some long time, voluntarily withdrew as appellants' attorneys February 19, 1954, with a week-end period of only three days ensuing to February 23, 1954, the date set for the trial of the case, complicated on its face; that appellants were diligent in engaging Mr. Elliott to represent them but that, because of his other immediate urgent matters, as well as the complexity of the case, he could not familarize himself with the facts and the law of the case by devotion of sufficient time thereto for trial by February 23, 1954, the trial date; that the withdrawal of appellants' former counsel, February 19, 1954, had made it impossible for appellants to proceed to trial February 23, 1954.

Appellants apprised the trial court of the situation when the case was called for trial. The court entered Mr. Elliott as appellants' counsel of record, summarily denied appellants' motion for continuance, and allowed Mr. Elliott until two o'clock of the afternoon of that day to contact his clients and prepare for trial. The court did not order appellants' former counsel to continue in or try the case.

Mr. Elliott, at the two o'clock trial setting, again indicated to the court that he could not act as trial counsel for appellants since he had not been able to prepare for the trial in the short time allotted. The court, nevertheless, again denied continuance and dismissed appellants' complaint.

■ The trial court in the exercise of its discretion should have granted appellants' motion for a continuance under the circumstances. Elliott v. Lawson, 87 Or. 450, 170 P. 925; Baker v. Jensen, 135 Or. 669, 295 P. 467; Linn County v. Morris, 40 Or. 415, 67 P. 295.

■ The trial court should not have permitted withdrawal of appellants' former counsel under the circumstances because, as shown to the court, appellants, though diligent, were unable to secure new counsel to try the case, February 23, 1954, because of the short time allotted for trial preparation of a complicated case.

■ In the case of Linn v. Superior Court, 79 Cal.App. 721, 250 P. 880, 882, the trial court refused withdrawal of an attorney who notified his client of his withdrawal nine days before the trial; and therein the court stated the rule:

"It is undoubtedly true that, in the great majority of instances, the attorney should be permitted to withdraw, but, as an officer of the court, he should not be permitted to withdraw, if his withdrawal will work injustice upon a third party. Such is not in keeping with the place that the profession holds in the machinery designed for measuring justice."

See also Perkins v. Sykes, 233 N.C. 147, 63 S.E.2d 133.

■ Appellants further assert that denial of their motion for continuance cannot be made to rest upon their failure to pay the asserted expenses of one of respondent's witnesses, the obligation of payment of which the trial court imposed as a condition precedent to the granting of the last continuance. That expense account totaling $195.50, respondent later included in its cost bill, then figured $160.50, which the trial court reduced to $80.25, after contest, by its order of March 22, 1954. Under such circumstances, appellants properly refused payment of the amount of such expense as originally claimed.

The judgment of the trial court on respondent's cross-complaint in favor of respondent against appellants is reversed and set aside.

Judgment of the trial court in favor of respondent against appellants as to costs assessed over and above the item of $80.25 is reversed with directions to the trial court to determine and assess such part or all thereof against appellants as it may find reasonably and justly incurred by respondent in preparation for the trial on February 23, 1954, on the same basis as though a continuance at that time had been granted upon condition that appellants pay the costs so incurred by respondent; judgment for such costs to be entered in favor of respondent.

Judgment of the trial court of dismissal of appellants' complaint is reversed and set aside and appellants' complaint is ordered reinstated.

The cause is remanded for trial and further proceedings consonant herewith.

Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.