322 P.2d 701

Claude FINCH and Kate Finch, husband and wife, Plaintiffs-Appellants,

v.

WALLBERG DREDGING COMPANY, a corporation, Defendant-Respondent (two cases).

Nos. 8391, 8432.

Supreme Court of Idaho.

March 3, 1958.

E. G. Elliott and John H. Fairchild, Boise, for appellants.

Hawley & Hawley and Claude Marcus, Boise, for respondent.

KEETON, Chief Justice.

The parties to this proceeding will be referred to as they appear in the trial court. Respondent Wallberg Dredging Company, a corporation, will be referred to as defendant. Finch and wife, appellants, will be referred to as plaintiffs.

A case involving the same parties and subject matter was before this Court and decided March 10, 1955, reported 76 Idaho 246, 281 P.2d 136, 48 A.L.R.2d 1150. By the decision so rendered a judgment of the trial court in favor of Wallberg Dredging Co., a corporation, was reversed, plaintiffs' complaint ordered reinstated and the cause remanded for trial on issues joined.

On January 25, 1955, prior to the decision above mentioned, one J. C. Stang, purporting to act as president for the Wallberg Dredging Co., defendant, caused to be recorded a release of the judgment. After filing of the remittitur on the decision of this Court, defendant asked that the cause be set for trial. Thereafter, on May 13,

1955, said defendant filed a motion to vacate and set aside the satisfaction of judgment. Issues were joined, affidavits filed in support of and in opposition to the motion, and oral testimony heard. The court found that J. C. Stang was not, and never had been, the president of defendant company, in fact, or at all, and that the alleged satisfaction of said judgment by him was without authority and was a nullity.

On findings so made, the trial judge entered a decree, declared said satisfaction of judgment null and void, and granted respondent's motion to set aside said release and satisfaction. From this decree plaintiffs appealed. Case No. 8391.

Pending at the time this decree was entered was a motion of plaintiffs, supported by affidavits, asking for an order requiring and directing the withdrawal of attorneys, Mr. George Donart and Mr. James W. Galloway, as counsel for defendant, on the alleged grounds that they and each acted as counsel and attorneys for and in behalf of plaintiffs in the transaction involved in this suit, as well as attorneys for defendant herein; it is also alleged in such affidavits that in so doing, said attorneys and each of them, acquired knowledge of plaintiffs' secrets, confidential communications and information with respect and in connection with said transaction.

Attorneys Galloway and Donart each filed affidavits denying that they had so acted and set up in detail the matters in which they or either had acted as attorneys for plaintiffs, stating in substance that in another matter, wholly disconnected with this litigation, Donart had represented plaintiffs, and Galloway had been attorney for the Wallberg Dredging Co., at all times subsequent to 1950, and at one time had drawn some papers at the request of the litigants in this action; that he had attempted to assist plaintiffs in securing a renewal of a lease with the State of Idaho, and that he never discussed any of the matters involved in this action with either of the plaintiffs, and was never retained to represent them in this litigation.

At the conclusion of the hearing on the motion to require Mr. Donart and Mr. Galloway to withdraw from the case, the trial judge denied it, the effect of the order entered being that neither Mr. Galloway nor Mr. Donart was in any wise disqualified from acting as attorney for defendant. From this latter order, Case No. 8432, plaintiffs appealed. Both appeals were consolidated for briefing, argument and decision.

When the motion to set aside the release of judgment was called for hearing, plaintiffs asked for a continuance, which the trial court denied.

Plaintiffs assign as error the failure of the court to grant the continuance; also in granting defendant's motion to vacate the satisfaction of judgment; that the motion to require the withdrawal of Mr. Galloway and Mr. Donart as defendant's attorneys

should have been heard and decided prior to the hearing on the motion to vacate the satisfaction of the judgment; that said attorneys Galloway and Donart should have been required to withdraw.

No authority is cited by plaintiffs which sustains the contention that the purported satisfaction of the judgment was not correctly set aside.

■ The record clearly discloses that Stang, purporting to act as president of the corporation, never occupied that office, and that he was never authorized by defendant to so act; no consideration was paid for the release of judgment, and the court correctly found that the satisfaction of the judgment had no legal effect and was void and properly annulled the purported satisfaction.

■ The contention of plaintiffs that the motion to secure the disqualification of Donart and Galloway should have been heard prior to the hearing on the motion to set aside the satisfaction of the judgment is without merit. Neither Mr. Donart nor Mr. Galloway participated in the proceedings. Plaintiffs were represented by other counsel for the hearing of the matters in dispute then pending. The order of hearing on the divers motions presented was discretionary with the trial judge.

■ No sufficient reason appears that would warrant the trial judge in continuing the hearing on the motion to set aside the satisfaction of the judgment until after the hearing on the motion of the alleged disqualification of defendant's attorneys. No abuse of discretion is shown and no harm done.

The contention that Donart and Galloway were disqualified from acting as defendant's attorneys is also without merit. A detailed review of the record fails to sustain the contention that either was in any wise disqualified and the record affirmatively supports the conclusion that both acted ethically and honorably in all respects.

■ The fact that Donart had represented plaintiffs in another action and Galloway had formerly represented plaintiffs in a proceeding other than this litigation, fails to establish any conflict in interest which would present any sufficient reason why both attorneys, or either, should not represent defendant in the present litigation.

■ The mere fact that an attorney has acted in a professional capacity for a person does not preclude him from thereafter accepting a retainer to act in opposition to his former client in a matter which has no reference to his previous employment, or from acting for another in the same general matter, where his employment is not adverse to his former client. See 126 A.L.R. 1273 for collection of authorities.

We find no error. The decree and order appealed from are affirmed. Costs to respondent.

PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.