377 So.2d 525 (1979)
MARPCO, INC., Plaintiff-Appellee,
v.
SOUTH STATES PIPE & SUPPLY et al., Defendants-Appellants.
No. 7196.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*526 Emile C. Toups, Lafayette, for defendants-appellants.
Cole & Guidry, Calvin T. Guidry, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
FORET, Judge.
The issue involved on appeal in this case is whether the trial court erred in signing a judgment against the defendants, and subsequently whether the trial court erred in denying the motion for new trial filed by the defendants.
Plaintiff filed suit against the defendants on a promissory note. An answer and reconventional demand was filed by the defendants. Suit was originally filed on February 9, 1977, and trial was set for January 27, 1978. Copies of the notice of trial were sent to counsel for all parties.
On January 27, 1978, the date set for trial, counsel for defendants moved to withdraw as attorney of record. The motion was granted. The record does not indicate any reason given by counsel for defendants *527 for his withdrawing as counsel. The trial court gave no written reasons for granting the motion for withdrawal. The plaintiff then moved for judgment and judgment was granted in its favor. The judgment is silent, however, as to defendants' reconventional demand.
Subsequently, the wife of one of the defendants read in a local newspaper on February 12, 1978, that a judgment had been rendered against the defendants, and she so advised her husband, James R. Lyles. Defendants then retained other counsel and filed a motion for a new trial. At the hearing on the motion for a new trial, it was stipulated that the defendants had never received notice from their attorney (or anyone else) of the trial date, and were not notified that their attorney had withdrawn as counsel until some time in late February, 1978, approximately three to four weeks after judgment had been signed against them. The trial court heard the motion for a new trial, but refused to grant a new trial. No written reasons appear in the record to indicate on what grounds the trial court refused a motion for new trial. Defendants have perfected this appeal.
On appeal, plaintiff-appellee argues that inasmuch as defendant's original attorney, one Robert P. Brenham, was notified of the trial date, that defendants thereby received adequate notice of the fixing. Plaintiff relies on the general rule of agency law that notice or knowledge of an agent, while the agency or relationship exists and while the agent is acting within the scope of his authority, is notice and knowledge to his principal. This agency rule has been held applicable to the relation of an attorney and client. See, for example, Solomon v. First National Life Insurance Co., 5 So.2d 589 (Orl.La.App.1942); Barber v. Testa, 331 So.2d 139 (La.App. 3 Cir. 1976); Prejean v. Ortego, 262 So.2d 402 (La.App. 3 Cir. 1972). We are in complete agreement with this rule of law and have no reluctance to hold that notice of trial date to Mr. Brenham constituted notice to his clients, the defendants-appellants.
On the other hand, defendants urge the due process clauses of the United States Constitution and the Louisiana Constitution of 1974 in support of their position that they were not accorded due process of law and justice, and that the lack of actual notice to the defendants themselves does not accord due process. In that narrow context, this might be true, however, in this case, as we have noted above, notice to a party's attorney constitutes notice to the party litigant.
Defendants next contend that a rule of court in the Fifteenth Judicial District requiring that "following the mailing of a notice of trial, an attorney may withdraw his representation of a party litigant only upon a contradictory motion and hearing and for good cause shown". Defendants contend that there was no contradictory hearing, therefore the attorney did not properly withdraw. The rule is rather vague in that it does not state against whom the contradictory motion should be filed. Should the attorney file the rule against his own clients, or should he file the rule against the opposing party only? At any rate, the motion in this case was made in open court, with the opposing party litigant and counsel present, and unless the local court rule requires a contradictory motion against the withdrawing attorney's own client, then we are unable to find any basis for defendants-appellants' contention in this regard.
In our opinion, the trial judge erred in rendering and signing judgment under these circumstances, and a fortiori in denying the motion for a new trial. A trial court has a very important function in the protection of the rights of litigants who seek redress through the courts. Trial is a threshold stage in litigation where fragile rights may be lost. On appeal, these rights are represented frequently by mere legalisms and high flown diction couched in lifeless print. It is the duty of the trial court, in some circumstances, to look beyond every jot and tittle of the law in order that every citizen availing himself of the courts will be assured of being heard. We are not suggesting *528 that the judges go beyond procedural rules in every case, but they should have no reluctance to do so in situations where substantial notions of justice and fair play cannot be achieved within the established framework.
We have nothing but pleadings and motions before us, and from a review of the record, we find nothing therein which would indicate that the trial court was justified in signing the judgment under the circumstances, and subsequently in denying the motion for a new trial. Upon the withdrawal of Attorney Brenham, the defendants were left unknowingly without representation. Thereafter the case proceeded on the merits, and the judgment was rendered against the defendants without an opportunity to be heard or to retain other counsel.
It is possible that Attorney Brenham gave the trial court good reasons for withdrawing, and that the trial court then had good reasons to proceed with rendition of judgment. However, these facts do not appear of record, and we cannot speculate that good reason therefor did in fact exist.
In our view, a continuance should have been granted pursuant to LSA-C.C.P. Article 1601 which empowers the trial court to grant a continuance any time there are good grounds therefor. See Patterson v. Leggio, 347 So.2d 1262 (La.App. 1 Cir. 1977). A district court has wide discretion in fixing cases for trial and the granting or denying of continuances, but when such discretion is exercised in a way that deprives a litigant of his day in court, there is an "abuse of discretion". Alford v. Glenn, 185 So. 720 (La.App.2 Cir. 1939). Certainly the withdrawal of litigant's attorney on the day of the trial without previous notice of trial or of the intent to withdraw to that litigant is sufficient grounds for a continuance. We can think of several good reasons why an attorney may wish to withdraw, even on the day of trial, however none of these reasons appear of record in the case at bar.
Our affirming the trial court judgment would do a grave injustice to the defendants under these circumstances. On the other hand, a reversal and vacating of the trial court judgment and a remand to the trial court for further proceedings does not present a grave injustice, or even any irreparable injury to the plaintiff.
For the reasons stated above, we reverse the trial court judgments, vacate same, and remand this matter to the Fifteenth Judicial District Court for further proceedings.
All costs of this appeal are to be paid by Marpco, Inc., plaintiff-appellee. The taxing of the costs of the trial court will be determined upon final judgment in this matter.
REVERSED AND REMANDED.