No. A-CV-35-79

## COURT OF APPEALS OF THE NAVAJO NATION

April 28, 1983

William BATTLES, Appellant,

vs.

## GENERAL ELECTRIC CREDIT CORP., Appellee.

Appeal heard October 5, 1982 before Acting Chief Justice Robert B. Walters and Associate Justices Homer Bluehouse and Tom Tso.

Albert Hale, Esq., of Window Rock, Navajo Nation (Arizona) for appellant, and Thomas J. Hynes, Esq., of Farmington, New Mexico for appellee.

This appeal involves assignments of error in the trial of the case before the district court. General Electric Credit Corporation (GECC) received an assignment of a retail installment purchase contract on a mobile home from Knott's Mobile Home Sales of Grants, New Mexico. GECC brought a repossession action in the dsitrict court claiming it was entitled to remove the mobile home from the Navajo Nation due to nonpayment of the sums due under the ratail installment agreement. William P. Battles, the purchaser, raised an affirmative defense which was in essence that of estoppel, saying that if the repossession were permitted that would cause fraud or unjust enrichment. In addition, Battles raised three counterclaims. First, the GECC had had hired him as a tribal court advocate to represent it in bringing repossession cases and that it owed $100,000 for such representation; Second, that the required disclosures mandated by the Truth in Lending Act were not made at the time of the purchase of the mobile home; And, third, that Section 50-15-7 NMSA was violated for failure to furnish a copy of insurance required under the contract.

Following a number of discovery motions, the trial of the case was set for November 1, 1982. At that time Battles' attorney failed to appear for trial, and Battles made a pro se motion to continue the trial of the case, which was denied, and the trial proceeded. The judgment of the trial court found that Battles admitted default on the retail installment purchase agreement and gave a judgment of repossession. The judgment did not make any findings to address the estoppel claim, and it denied the Truth in Lending claim as being barred by a one year statute of limitations under that act. On the counterclaim for attorney's fees the court ruled that the defendant failed to prove the amount of his damages (tacitly finding he had represented GECC). The court did

find a violation of Sec. 50-15-7(c) NMSA, and barred the collection of any unpaid finance charge under the agreement.

The record of this case is further illuminated by findings contained in an order denying a motion for reconsideration. Those findings were that "no documentation" was presented to show an attorney and client agreement with GECC; that although there was testimony on attorney's fee agreements it was not contested by GECC: that the counterclaim or offset should have been filed separately "so the case would not have become confused;" and that "Truth in Lending laws are laws that apply outside the Navajo Nation and has no application to this case." The court went on to grant a rehearing of the case, but it later recognized it had lost jurisdiction due to this appeal and withdrew its exercise of jurisdiction.

On appeal Battles makes four assignments of error:

1. The court abused its discretion in denying a motion for continuance when defense counsel failed to appear;

2. The uncontroverted evidence at trial that money was owed for legal fees could not lead to a conclusion they were not proven;

3. The plaintiff was required to go forward with evidence on the issue of the amount of fees owing, and the failure to do so required judgment for the defendant on his counterclaim;

The issue of whether or not the Truth in Lending Act's one year statute of limitations applies in a situation such as this was not raised, so therefore it will not be discussed.

## THE DENIAL OF A CONTINUANCE

Unfortunately the record below does not tell us why the attorney for the defendant did not appear at the November 1st trial, but on November 15th the court issued an order to show cause against the defendant's attorney for contempt proceedings due to the failure to appear. The record does not show the disposition of that order. As far as this court can tell, counsel simply did not appear and the defendant was compelled to go forward with his defense and counterclaims alone.

Perhaps the trial judge had in mind the fact that Mr. Battles is a member of the Navajo Bar and, due to the fact the trial pleadings said Battles handled a number of repossession cases, he should be able to handle his own repossession case.

The general rule on continuances is that the trial court has the discretion to grant them or not. 17 Am.Jur.2d, Continuance Sec. 3. However that discretion must be used in a sound and legal manner, and not one which is arbitrary or capricious. Id. The rule on continuances in Arizona is that

> "It is well settled . . . that a motion for continuance is directed to the sound discretion of the trial court, and unless that discretion has been abused the trial court's ruling will not be distrubed by a reviewing tribunal." Dykeman v. Ashton, 446 P.2d 26, 29 (Ariz. App. 1968).

In New Mexico it is that the

> ". . . matter of the continuance of a cause rests within the sound discretion of the trial court and will not be interferred with upon appeal, unless it appears that the trial court has abused its discretion." Houston Fire and Casualty Insurance Co. v. Falls, 354 P.2d 127, 235 (N.M. 1960).

While this general rule is commonly known, it does not give much guidance to a trial court. The use of discretion calls upon the court to consider many surrounding circumstances, such as the practical consequences of the party having to go to trial and the opposing party having to suffer a delay. It calls upon counsel to clearly and precisely give the court good reasons for a continuance, to show that prejudice will result if the continuance is not granted and to state specific, concrete reasons to the court. The preferred means of doing this, both for the trial court to be able to rule and this court to review the exercise of discretion, is to present a detailed, written motion to the court with a supporting affidavit. Otherwise, if counsel do not adequately support or document their motions for continuances, the trial court will not overturn the denial.

Where counsel fail to appear at trial, courts do not view the absence with much favor. 17 Am.Jur.2d, Continuance Sec. 12. However, the question of granting or refusing a continuance for the absence of counsel can depend on many factors such as

-Whether other adequate representation is available (such as another attorney from the firm or new counsel);

-The degree of diligence a party shows in getting new counsel (so seeking counsel is not used as a delaying tactic);

-The timliness of the applicaton for a continuance (being whether the party approached the court as soon as the nonappearance of counsel became apparent or the party otherwise acted quickly);

-The extent to which a continuance would cause additional expense or inconvenience;

-The prejudice to a party in having to go to trial without the counsel who was engaged to try the matter. Id.

There are many factors, but a showing of prejudice to the party asking for the continuance is the element common to all of them.

In the case of Finch v. Wallberg Dredging Company, the Idaho Supreme Court held that where a party's attorney withdrew three days before trial and the new attorney did not have enough time to prepare for a complicated case, a continuance should have been granted. 281 P.2d 136, 138 (Idaho, 1955). In Moss v. State Farm Mut. Auto. Ins. Co., the plaintiff's attorney withdrew ten days before trial, the plaintiff was not notified of the trial date and the case was dismissed for failure to appear at trial. That was held to be error. 328 So.2d 495 (Fla. App.). In Marpco, Inc. v. South States Pipe & Supply the defendants attorney withdrew on the day of trial, and the defendants did not know of the trial date or the attorney's intent to withdraw, so it was held a continuance should have been granted. 377 So.2d 525 (La. App. 1979).

This court is aware that it is impossible for an attorney to try a case without proper preparation. Indeed, this court has complained about inadequate preparation of counsel for a long time. In the Finch

case the court recognized that an attorney does not simply pick up a file and try a case, and certainly Mr. Battles could not be expected to do the same. Where there is reliance upon another to do something as important as to try a lawsuit, then there cannot be an expectation that even a party who is a member of the bar can be prepared. We hold that under the circumstances there was sufficient prejudice to the defendant in having to try his own case unprepared that a continuance should have been granted.

## THE UNCONTROVERTED EVIDENCE QUESTION

Battles says that he testified about the attorney-client agreement with GECC and the fees owing to him, and that the testimony was not contradicted by any testimony or evidence from GECC. The trial court record shows documentation in support of the defendant's claim, although it does not show a written attorney-client agreement or any written evidence of the amount owing.

The defendant asserts his counterclaim as to attorney's fees was shown and that there being no testimony to the contrary, the trial court should have ruled in his favor.

The case law presented by the defendant presents the proposition that a court cannot disregard uncontradicted testimony unless: (1) The witness is impeached; (2) The testimony is equivocal or has improbabilities in it; (3) There are suspicious circumstances surrounding the transaction testified about; or (4) There are inferences which can be drawn from the facts and circumstances of the case that either contradict the testimony or cause reasonable doubt on the truth or accuracy of the testimony. Frederick v Younger Van Lines, 393 P.2d 438 (1964); O'Donnell v. Manes, 436 P.2d 577 (Ariz. 1968).

This proposition is acceptable, and it has been the law for several centuries. Thus in 1770 Lord Mansfield instructed a jury that in a libel case where it was shown that a book was sold in the defendant's shop and that testimony was unrebutted, it (the jury) must take the evidence as being conclusive. Rex v. Almon, 5 Burr. 2686, 98 Eng. Rep. 411 (K.B. 1770). This is a rule of common sense.

However, it may not help the defendant here. The paper trial of the case points strongly to an attorney-client relationship between GECC and Battles. There is no paper trail as regards any amount of money owing. Therefore the trial court could well have found one of the four exceptions above to be present and properly concluded that there were no damages proven.

The point of reversal, however, will be the conflicting findings of the trial court.

The court found there was "no documentation" for an attorney and client agreement, but an oral contract or implied contract could be easily concluded from the documemtary evidence. The court did find that a attorney's fee agreements were not contested by GECC, implying there was an attorney and client relationship.

There was apparently some confusion as to the law and issues in the case because the trial court found confusion in the pleadings.

Although there appears to be some recognition of an agreement with GECC, no damages were found. These are conflicting findings and should be resolved.

In sum, the apparent confusion in the trial court, perhaps caused by the failure to continue the matter, has lead to conflicting findings. We agree with the trial court that the matter should be reheard.

## BURDEN OF GOING FORWARD

This issue will be left to the trial court in a less confusing set of circumstances. Normally the party having a claim is required to go forward on his claim and prove it. In this case the defendant could have, and can, simply subpoena any of the plaintiff's agents who may have information on the point and put them on the stand as defendant's witnesses.

## DISPOSITION

For the foregoing reasons, the judgment of the district court is REVERSED, and this cause is remanded for a new trial.