ALFORD, Judge.
This is an appeal from a judgment of the Twenty-First Judicial District Court, Parish of Livingston, ordering the cancellation of a mineral lease along with damages and attorney fees in favor of appellee, Judy Nola. Appellant, Justina Ramsay, appeals the judgment alleging that she was denied an opportunity to present her case and that the trial judge misinterpreted the rental payment provisions of the lease.
Appellee entered into the mineral lease with Shadow Springs Land, Oil and Mineral Corporation on December 13,1979. Shadow Springs subsequently assigned the lease to appellant on May 14,1980. The lease had a five year term with rental payments of three hundred and fifty Dollars ($350.00) per acre payable annually on or before the thirteenth of December. Appellee filed suit on March 16,1982, seeking to have the lease extinguished and cancelled for appellant’s failure to make the December 13, 1981, rental payment on time.
The trial court appointed a local attorney to represent appellant in that she was a resident of Mississippi. This attorney filed an answer in the form of a general denial and notified appellant of the pending action. Appellant then retained a New Orleans attorney who filed another answer on her behalf alleging that the lease had not been breached due to the fact that the rental payment had been mailed prior to December 13, 1981, in accord with the payment provisions of the lease.
Trial of the matter was set for April 16, 1982. Appellant alleges that since her case was seventh on the court’s docket, the decision was made to have her and her New Orleans attorney await a phone call from appellant’s appointed attorney, who continued to try to negotiate a settlement, before beginning the trip from New Orleans to Livingston Parish. This was apparently done because it was felt that the case might not actually be heard that day due to the court’s having six cases before appellant’s. Several matters on the court’s docket were continued and the trial court began inquiring into the time needed for the remaining cases. The court then decided to take the remaining cases out of order and appellant’s case was called. Appellant’s appointed attorney informed the court that appellant and her retained counsel were in route from New Orleans and asked for a short continuance. There is some dispute in the briefs as to whether appellee’s counsel at the time entered into the motion with appellant’s attorney. Regardless, the motion for continuance was denied and the trial commenced without appellant or her retained counsel being present. Judgment was granted in favor of appellee on the ground that the lease required payment on or before December 13, 1981.
We are aware of the great discretion to be accorded the trial judge’s decision not to grant a continuance, but we are of the opinion that this discretion can not be exercised so as to deny a party her day in court. Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). Our opinion in this matter is influenced by the fact that appellant is an out of state resident. Given that the case was scheduled for seventh on the court’s docket we do not feel that it was unreasonable for appellant and her retained counsel to await word that the case would actually be heard before making the trip to Livingston Parish. Additionally, the fact that the sixth matter on the docket could have been heard before appellant’s case clearly shows that judicial efficiency would not have been interrupted by the granting of a short continuance.
*1141 We are of the further opinion that the trial judge misinterpreted the rental payment provisions of the lease in question. “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” LSA C.C. art. 1955. Clearly, within the first numbered paragraph of the lease, it is stated that the mailing of the rental payment on or before the rental payment date shall be considered payment of the rental under the lease. Therefore, if appellant can offer proof that the payment was mailed on or before December 13,1981, as she alleges, the lease has not been breached.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion. Costs of this appeal to be borne by appellee.
REVERSED AND REMANDED.