457 So.2d 108 (1984)
Billy G. HALLEY, Plaintiff-Appellee,
v.
Brenda Scoggins HALLEY, Defendant-Appellant.
No. 16157-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
Rehearing Denied October 26, 1984.
Writ Denied December 7, 1984.
McLeod, Swearingen, Verlander & Dollar, by Robert P. McLeod, P.C., Monroe, for defendant-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellee.
Before PRICE, HALL, MARVIN and SEXTON, JJ., and McCLENDON, J. Pro Tem.
PRICE, Judge.
On rehearing we have reconsidered appellant's argument that the trial court erred in denying her motion for a continuance thus depriving her of a fair trial. We reverse and set aside our original opinion and remand this matter to the trial court for a new trial for the following reasons.
The record reveals that this matter was originally set for trial on July 18, 1983. On that date, a joint motion for a continuance was filed stating that the defendant had not sufficient time in which to answer additional pleadings. The continuance was *109 granted and the trial date was reset for September 19, 1983. On August 19, 1983, defendant filed a motion for a continuance due to a conflict with the scheduled trial date. Because of a conflict in the trial schedule of defendant's attorney a continuance was granted and the trial rescheduled for September 27, 1983.
A joint motion for a continuance was filed on September 27, 1983, and the trial date was refixed on October 4, 1983.
On October 4, 1983, defendant filed a motion for a continuance stating that she was hospitalized and therefore unable to attend court. A statement from defendant's physician was attached to the motion. The trial was then continued until October 7, 1983.
On October 6, 1983, defendant's attorneys filed a motion to withdraw as counsel. The motion stated that conflicts had arisen between the attorneys and the defendant and further that the attorneys no longer practiced law together causing practical difficulties in the handling of the case. The court allowed the attorneys to withdraw. On the same date, defendant filed a motion in proper person for a continuance stating that she was obtaining new counsel. A letter was filed into evidence confirming that defendant had retained new counsel and that a reasonable time period was necessary to sufficiently prepare for trial. The motion was denied by the court. In court on October 7, 1983, defendant again renewed her motion for a continuance which was denied. The court stated that it believed the motion to be a ploy to delay the trial. The trial then proceeded with the defendant unrepresented.
Although the trial court did provide some assistance to the defendant, a review of the record clearly reveals that there was not adequate cross-examination, objections to hearsay or inadmissible evidence and questioning of the defendant's witnesses. Further, it appears that defendant became so frustrated and confused with the proceedings that she did not testify. Throughout the trial, defendant continued to express her complete lack of knowledge of how to proceed properly.
La.C.C.P. Art. 1601 provides that a "... continuance may be granted in any case if there is good ground therefor." It is well-settled that the trial court has large discretion in granting a motion for a continuance and its ruling should not be disturbed on appeal in the absence of clear abuse. Matthews v. Matthews, 220 So.2d 246 (La.App. 3d Cir.1969). However, there is an abuse of discretion if such discretion is exercised in such a way so as to deprive the litigant of his day in court. Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3d Cir.1979).
It is clear that by denying defendant's motion for a continuance, the trial court effectively denied defendant her day in court. Unrepresented by counsel, defendant was not able to properly defend herself or to present her case. The previous motions filed with the court do not suggest delay tactics on the part of the defendant but rather a series of unavoidable occurrences which acted to postpone the trial. Each of the motions for a continuance presented valid grounds such as defendant's hospitalization and the withdrawal of her attorneys due to difficulties in handling the case.
For these reasons, the judgment of the trial court is reversed and set aside and this matter is remanded to the trial court for a new trial. Costs of this appeal are assessed to plaintiff, Billy G. Halley. All other costs to await final disposition of this matter.
MARVIN, J., dissents and assigns reasons.
SEXTON, J., dissents for the reasons assigned by MARVIN, J.
MARVIN, Judge, dissenting.
The trial court's denial of a continuance to the wife, after the case had been continued on four occasions, was not assigned by her as an error in her appeal. When questioned by the trial court about the continuance, *110 she admitted that she was not hospitalized for treatment, but for tests.
As couched by the majority, the issue is whether the wife got a fair trial. The record satisfies me that she did.
She cross-examined each one of the three witnesses called by her husband.
She called and examined four witnesses of her own.
After discussion with the trial judge, she made a deliberate and informed decision not to testify.
During the trial she did state more than one time that she "didn't know about these [trial procedure] things," and argued here that she could not adequately represent herself.
This appeal was argued March 26 and our original opinion was rendered April 30. She sought a rehearing on May 14, 1984, again arguing that she could not adequately represent herself. On May 2, 1984, she filed an action in the Ouachita Parish district court in proper person to partition the community property. On June 6, 1984, she filed, also in proper person, a supplemental petition in that action. Certified copies of those pleadings were filed here in support of the husband's unsuccessful motion to dismiss the appeal.
In the light of this record, I find no support for this court saying that the trial judge, by denying the wife a continuance, denied her a fair trial or a day in court. The trial judge consulted with the wife's doctor when he granted a continuance on October 4, 1983, to October 7, 1983. When she later sought a continuance of the October 7 trial date because she didn't have a lawyer, the trial court, after questioning her, concluded:
"the matter ... has been continued and continued. I think that its a ploy to keep the case from going to trial and I'm not going to permit it."
Her witnesses and the husband's witnesses were present in court and ready to proceed. Under these circumstances, the trial judge did not abuse his discretion. Barham v. Barham, 337 So.2d 289 (La.App. 2d Cir. 1976), writ refused.
I cannot uphold a litigant who (playing games?) argues that she cannot adequately represent herself while at the same time is proceeding in a related action in the trial court by filing pleadings in proper person. The real issue is permanent alimony fault and the practical effect of protracting separation proceedings and alimony pendente lite. The fault issue was resolved in the original opinion.
I would affirm for the reasons expressed in the original opinion and must respectfully dissent from this opinion on rehearing.