458 So.2d 960 (1984)
Robert SANDS, M.D.
v.
STATE of Louisiana Through LOUISIANA STATE MEDICAL CENTER, SCHOOL OF DENTISTRY.
No. CA1538.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1984.
Trevor G. Bryan, Jefferson, Bryan & Gray, New Orleans, for plaintiff.
*961 John H. Gniady, Ivor A. Trapolin, New Orleans, for defendant.
Before REDMANN, C.J., and KLEES and CIACCIO, JJ.
REDMANN, Chief Judge.
Plaintiff's complex medical claim is that defendant's improper dental x-raying caused him a calamitous bodily deterioration whose results include cataracts and the threat of general paralysis. He now appeals from a judgment for defendant on motion at the close of plaintiff's evidence. He argues error only in the denial of his trial-time motion for a continuance after he fired his then lawyer five days before trial.[1]
We deem it beyond question that a continuance is not due on a naked showing that a client has discharged his or her lawyer. To discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. It would be fundamentally unjust to allow a plaintiff never to have to supply proof of his charge, or to allow a defendant never to have to respond to a charge. The constitutional guarantee that courts shall be open to provide remedies for wrongs, La.Const. art. 1 § 22, assures expressly that a defendant cannot, as by continuances at will, close the courts to a plaintiff; and it equally assures implicitly that a plaintiff cannot, by continuances at will, close the courts to a defendant by making a charge, never bringing it to trial, and forever avoiding its dismissal as unproven.
Because discharge of one's lawyer is therefore not by itself grounds for postponing another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance.
"A continuance may be granted in any case if there is good ground therefor." La.C.C.P. 1601. "Good" ground is something less than "peremptory" ground, for which C.C.P. 1602 declares a continuance "shall" be granted. Inability to obtain evidence that is material despite "due diligence" is a peremptory ground under C.C.P. 1602. Inability to obtain material evidence despite diligence that is not quite "due diligence" may therefore be a "good" though not a peremptory ground.
We postulate that a client who shows that he has himself behaved with reasonable diligence, but who has learned near trial time that his lawyer cannot produce material evidence because he has not prepared for trial, ought to be able to fire the lawyer and get a continuance to employ another, unless the unfairness to the other parties of granting the continuance outweighs the unfairness to the moving client of denying the continuance. A reasonably diligent client's having fired his lawyer for unpreparedness could be "good" ground for a continuance in the absence of counterbalancing circumstances.
But that does not appear to be our situation, notwithstanding that the client's firing of the lawyer may suggest a superficial illusion that dilatoriness by the lawyer has put the client in a disadvantageous position. Our situation appears to be that plaintiff, himself a medical doctor, did not entrust the medical evidence aspects of his case to his lawyer's care but, because of his own expertise, has himself sought but has been unable to produce the medical evidence necessary to prove his case. *962 Thus, if plaintiff was indeed damaged by x-rays at defendant's dental school in 1977, plaintiff appears unfortunately unable to prove it, notwithstanding that over two years passed from the time he filed his action in 1980 until the time the continuance in question was denied.
Plaintiff's appellate counsel cites Marpco, Inc. v. South States Pipe & S., 377 So.2d 525 (La.App. 3 Cir.1979). Counsel concedes that that case is factually distinguishable, but argues that we should apply its language asserting a "duty of the trial court, in some circumstances, to look beyond every jot and tittle of the law in order that every citizen availing himself of the courts will be assured of being heard." Id. at 527. But that language for "some circumstances" cannot intend to apply to the case where the citizen is unwilling or unable to produce evidence to support his cause. La.Const. art. 1 § 22's guarantee of open courts, for defendants as well as for plaintiffs, is not a mere jot or tittle but the whole boldface of a bedrock principle. Our trial court did not deny our plaintiff the opportunity to be heard. Our plaintiff, unfortunately, was unable to present anything to be heard.
We simply cannot say that the trial judge abused his discretion by refusing to continue this matter under the circumstances.
Affirmed.
NOTES
[1] Suit was filed in November 1980. Answer was filed in June 1981. Trial was set for February 18, 1982 but continued to December 8 without record explanation. Trial was continued to April 5, 1983, by signed consent of counsel for both parties dated December 3 (although the record also contains plaintiff's motion of that day, asking a continuance on the basis of his deteriorating medical condition). Plaintiff moved a continuance on the same ground March 29 but it was on that day denied for lack of independent medical evidence to support it. On March 31 plaintiff discharged his counsel and by letter so informed the trial judge. That letter was received April 4. On April 5 plaintiff in person orally moved for a continuance on the ground that he needed to employ another lawyer. The trial judge refused and plaintiff went to trial pro se, with his former lawyer in the courtroom, instructed by the trial judge to assist plaintiff. After plaintiff attempted to present his case, with no independent expert evidence, defendant successfully moved a directed verdict, having brought only one witness to the courtroom although its counsel had other experts ready.