467 So.2d 1284 (1985)
Jan KATZ
v.
Ron MELANCON.
No. CA-2656.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Barry F. Viosca, Metairie, for plaintiff-appellee Jan Katz.
Barry J. Landry, Becnel, Landry & Becnel, Reserve, for defendant-appellant Ron Melancon.
Before KLEES, LOBRANO and WILLIAMS, JJ.
KLEES, Judge.
The defendant in this matter appeals from an adverse judgment contending that he did not receive a fair trial and that the trial judge erred in not granting him a continuance. We find no merit to defendant's contentions and affirm.

FACTS:
Plaintiff sued defendant, a contractor, for breach of contract and misappropriation of funds in connection with renovation work performed on the plaintiff's residence.
A default judgment was obtained on June 13, 1983. This judgment was subsequently vacated and a new trial was ordered to begin on February 13, 1984. Counsel for defendant withdrew from the case shortly thereafter. On June 24, 1983, an Answer to the Petition was filed by defendant, in proper person.
*1285 On the day of trial, plaintiff appeared but defendant was not present at the appointed time. A jury was ready to be picked but since defendant was not present, the trial judge dismissed the jury. Trial commenced without a jury. Twenty-five minutes later, defendant appeared in court. At that time, he presented a Motion for Continuance, a Motion for Recusation of Civil District Court Judges, and a Motion for Change of Venue. All three motions were denied by the trial judge. Thereafter, trial continued until a judgment of $36,000.00 was rendered in favor of plaintiff. Defendant appealed.
Defendant contends the trial judge erred in refusing to continue the trial when he appeared late and without an attorney.
The Louisiana Code of Civil Procedure provides the mechanism with which a court may grant or deny a motion to continue. A trial judge, in his discretion, may continue a case for good cause shown. LSA-C.C.P. Article 1601. In his Motion for Continuance, defendant stated that his reasons for the continuance were:
1) difficulty in retaining an attorney to appear with him
(a) due to plaintiff's status;
(b) his financial condition;
(c) recent injury causing him to lose income and preparation time; and
2) He needed additional time (60 days) to prepare his case and retain local counsel.
As reasons for denying the Motion to Continue, the trial judge stated:
You have previously had an attorney in this case. The attorney withdrew and there were certain compelling reasons why the attorney withdrew. On at least one other occasion, you were supposed to be in court; you did not show up. You arrived this morning an hour after trial time.
A trial judge must look to the facts of each case when a Motion to Continue is requested. From the jurisprudence, it is readily discerned that there are several factors a trial judge considers before granting a continuance. These factors are diligence, good faith and reasonable grounds.
Our review of the record reflects the following facts. After the service of the petition on defendant, no answer to the petition was filed within the proper time period nor was a request for an extension of time made until after a default judgment had been obtained on June 13, 1983.
On June 14, 1983, a Motion for New Trial was filed by counsel for defendant stating as reasons for a new trial that a default judgment was rendered on June 13, 1983; that defendant brought the petition and a letter from another attorney to undersigned counsel on June 9, 1983; that the letter stated that additional time to secure counsel would be granted to defendant by plaintiff's counsel and extra time to file an answer would be granted within reason; that a Motion for Extension of Time was filed on June 10, 1983, and copies sent to all parties; that despite representations in a letter dated June 1, 1983, a default judgment was obtained. Based on these reasons, a new trial was properly granted on June 16, 1983.
On June 24, 1983, an Answer to the Petition requesting a jury trial was filed by defendant, in proper person, after counsel had withdrawn from the case. Thereafter a jury order was issued which contained the statement that a jury trial will not commence until a deposit of one hundred ninety-two ($192.00) dollars was provided for each day the court estimated the trial would cost. LSA R.S. 13:3105. Notice of Trial was mailed to all parties on June 30, 1983, setting the trial date on February 13, 1984.
On February 13, 1984, the trial judge called the case for trial. Plaintiff was present at that time. The judge requested that defendant be called in the hall to which there was no answer. The court then stated for the record that defendant was not present and that he had requested a jury trial and a jury was present. Since defendant was not present, the trial judge inquired of counsel for plaintiff as to his preference with respect to a jury trial. *1286 Counsel answered by requesting trial without a jury. The jury was dismissed and trial began. Sometime later, defendant appeared in court after testimony had begun. The trial judge let defendant, in proper person, present his motions. All of the motions were denied and trial continued.
As authority for granting a continuance, defendant cites Marpco, Inc. v. South States Pipe and Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). In Marpco, supra, counsel for the defendant moved to withdraw from the case on the day of trial. The trial court denied a motion for continuance. The Court of Appeal held that it was an abuse of the trial judge's discretion in denying the Motion when the defendant did not know of the withdrawal of counsel until the day of trial.
Unlike the facts in Marpco, supra, this defendant knew of the withdrawal of counsel on June 16, 1983. He had approximately seven months within which to obtain new counsel. No evidence was offered to show any diligence on defendants part to obtain counsel prior to trial. No communication was had with the trial court itself concerning the problem of obtaining counsel prior to the filing of the Motion to Continue.
It is up to the trial judge, in his discretion, to grant or deny a continuance based upon the particular fact situation. We find under the circumstances presented here that there was no abuse of discretion on the part of the trial judge in denying defendant's Motion for Continuance.
Defendant argues that a continuance should have been granted because he had a defense to present but his attorney was not present. He urges that Park Place Homes, Inc. v. Petersen, 242 So.2d 43 (La.App. 4th Cir.1970), is controlling. The facts in that case are easily distinguished from the present situation. In Park Place, supra, the litigants were unable to present their defense because their attorney was not present due to illness. Additionally, the attorney had in his possession certain pieces of evidence necessary for the trial.
Defendant, on the other hand, had no attorney to represent him nor did he allege that any attorney had pieces of evidence in his possession that he could not obtain for the trial. In fact, defendant offered no proof that he even had retained counsel or that he was having difficulty retaining counsel. The record shows that no other counsel had enrolled as counsel for defendant since the withdrawal of his first attorney in June, 1983.
Our law provides that a person may appear on his own behalf before the Court. Judges are fully aware of the fact that some litigants will appear in proper person and are judicially bound to assist that litigant when necessary.
On the date of trial, defendant appeared twenty to thirty minutes after the scheduled time for the commencement of trial. The trial judge informed defendant that he was going to go forward with the trial and that defendant would have an opportunity to question the witnesses.
As the trial continued, defendant was given an opportunity to review the exhibits which he had not seen. At the end of the direct examination of each of the witnesses, the Court allowed him to cross-examine the witness. At the end of the plaintiff's case, defendant was given an opportunity to testify under oath. The trial judge told him what questions or issues he wanted answered by him. Then defendant was given the opportunity to tell his side of the story. After his testimony, the trial judge asked if he had other witnesses to testify on his behalf. Defendant indicated none.
Although defendant's defense could have been presented by an attorney, in no way was he deprived of his opportunity to present a defense simply because he did not have an attorney.
We can find no evidence in the record that the trial judge had pre-judged the case or that defendant was denied a fair trial.
Accordingly, for the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED.