514 So.2d 556 (1987)
Mary A. EVERY
v.
CITY OF NEW ORLEANS.
No. CA-7280.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
Writ Denied December 11, 1987.
Mary A. Every, New Orleans, in pro. per.
Ike Spears, New Orleans, for appellant.
Okla Jones, II, City Atty., Blaine G. Lecesne, and Shelley Gillon, Asst. City Attys., New Orleans, for appellee.
Stephen M. Pizzo, Brian C. Bossier, Clifford J. Enten, Blue, Williams & Buckley, Metairie, for appellee-Charity Hosp.
Before GULOTTA, C.J., and GARRISON and WARD, JJ.
*557 GULOTTA, Chief Judge.
Mary Every appeals from a judgment dismissing her tort suit with prejudice after the trial judge denied her request in proper person, on the day of trial, for a continuance to retain new legal counsel. When plaintiff failed to go forward with proof to support her allegations, the trial judge denied her motion. Because we find no abuse of the trial court's discretion, we affirm.
On February 9, 1976, plaintiff filed a petition for damages against the City of New Orleans, the Criminal Sheriff of Orleans Parish, and Charity Hospital of Louisiana, alleging that defendants had aggravated her pre-existing diabetes and other health problems by failing to give her proper medical treatment after she was arrested and detained for attempted murder. Defendants were not served until February, 1981, however, when plaintiff's new counsel filed a supplemental and amending petition and obtained permission for her to litigate the action in forma pauperis.
After defendants answered and discovery took place, the case was set and reset for trial as follows:
March 25, 1982On motion of defendant Charity Hospital, case is set for trial on the merits on May 18, 1982.
April 8, 1982On motion for continuance filed by defendant Criminal Sheriff, case is continued and reset for trial on September 28, 1982.
August 30, 1982On motion of Charity Hospital, trial previously fixed for September 28, 1982 is continued indefinitely.
December 2 and 21, 1982On motions of plaintiff and Charity Hospital, case is reset for trial on March 9, 1983.
May 18, 1983On motion of Charity Hospital, case is reset for trial on October 12, 1983.
September 12, 1983Plaintiff's counsel, Philip J. Foto, is permitted to withdraw.
November 29, 1983On motion of Charity Hospital, trial is reset for March 20, 1984.
March 28, 1984Ford T. Hardy, Jr., is recognized as plaintiff's counsel of record and trial is rescheduled for June 25, 1984, at his request.
May 31, 1984Ford T. Hardy, Jr., withdraws as plaintiff's attorney.
December 11, 1984On Motion of Charity Hospital, trial is set for March 11, 1985.
February 27, 1985Paul J. Galuszka is recognized as attorney of record for plaintiff.
March 6, 1985By order of court, trial previously set for March 11, 1985 is continued and reset for trial on June 25, 1985, because the trial judge is attending a seminar.
June 25, 1985Trial judge transfers the case to a Commissioner for the Civil District Court for Parish of Orleans because of the nature of the matter and the expectation that it will take many days of trial.
July 2, 1985Commissioner fixes pretrial conference for September 17, 1985.
October 3, 1985Gordon S. Patton, who has worked on case with Paul J. Galuszka, withdraws as counsel of record for plaintiff.
January 27, 1986Paul J. Galuszka withdraws as counsel of record for plaintiff.
On January 29, 1986, a notice fixing trial for March 17, 1986 was sent to the three defense attorneys of record and to plaintiff in proper person. The record contains a note from the minute clerk advising plaintiff that she should contact an attorney about handling the matter for her so that she would be properly represented at the time of trial.
On March 17, 1986, the matter came for scheduled hearing before the Commissioner. Plaintiff was present but unrepresented by counsel. Although Charity Hospital was prepared to go to trial, plaintiff sought a continuance for the purpose of getting an attorney. The Commissioner noted that this was "the second or third time" that the case had come before the court with the same problem, but he agreed to continue the case for thirty days to April 17, 1986. He admonished plaintiff that the case would be dismissed at the next hearing date unless she was represented by counsel or was willing to let the *558 case go forward by representing herself in proper person. Plaintiff stated that she understood.
On April 17, 1986, the case was again called for trial before the Commissioner. Attorneys representing Charity Hospital and the City of New Orleans were present and ready, but plaintiff was still unrepresented by counsel. Plaintiff presented a motion for continuance on the grounds that, although her prior attorney had withdrawn in January, she had been unable to gain possession of her case file until two days earlier, and all counsel contacted by her had refused to discuss representing her without reviewing the file. The Commissioner denied the motion and asked plaintiff if she was prepared to go forward with her case. When she replied that she was not, he dismissed the suit.
Appealing, plaintiff reiterates that her former attorneys withdrew at critical times in the case and that she needed the continuance to retain new counsel to present her meritorious case.
A mandatory continuance must be granted when a party, despite due diligence, has been unable to obtain material evidence, or when a material witness has absented himself without contrivance of the party. LSA-C.C.P. Art. 1602. A discretionary continuance may be granted in other instances if there is "good ground" therefor. LSA-C.C.P. Art. 1601. Unless it would be unfair to the parties, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. Sands v. State Through La. State Med., 458 So.2d 960 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1044 (La. 1984); Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir. 1979). Nonetheless, because the court cannot be closed to a defendant who desires to bring the case to trial, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer. Sands v. State Through La. State Med., supra. Among the factors a trial judge considers before granting a continuance are diligence, good faith, and reasonable grounds. Katz v. Melancon, 467 So.2d 1284 (La.App. 4th Cir.1985). The judge has wide discretion in acting upon a motion for continuance under LSA-C.C.P. Art. 1601, and his ruling will not be disturbed on appeal unless he clearly abused his discretion. Sauce v. Bussell, 298 So.2d 832 (La. 1974).
In the instant case, when her most recent attorney withdrew in January, 1986, plaintiff was notified of the scheduled trial date of March 17, 1986 and was urged to obtain new counsel. At the scheduled hearing six weeks later, she was granted a thirty day continuance to retain a lawyer. The Commissioner clearly warned her at that time that she must be represented at the scheduled trial on April 17, 1986 or to be prepared to go forward with the case by representing herself. Nonetheless, on April 17, 1986, when defendants appeared and were ready for trial, plaintiff was still unrepresented by counsel and sought yet another continuance on the insufficient grounds that she had been unable to obtain her case file from her prior attorney, who had withdrawn from the case over two and one-half months earlier. Considering these multiple delays and plaintiff's lack of diligence in obtaining new counsel, we find no abuse of the trial court's discretion in denying plaintiff's motion for a continuance. Under these circumstances, no injustice resulted from the dismissal after plaintiff failed to present evidence to prove her case.
Accordingly, the judgment is affirmed.
AFFIRMED.