KLIEBERT, Judge.
After rejection of her compensation claim by the state administrators, plaintiff-appellant, Newrita Bowser, sued her former employer, defendant-appellee, Henry Burch, d/b/a Riverlands Health Care Center, for compensation benefits. Prior to trial she terminated the employment of her former counsel, Robert R. Faucheux, Jr. He intervened seeking recovery of advances for payment of costs and depositions. After trial the court dismissed plaintiff’s claim and cast plaintiff in judgment for $2,064.25 for advances made on her behalf by her former counsel for medical and deposition expenses.
The sole issue briefed on the appeal by plaintiff’s present appellant counsel is whether the trial judge abused his discretion in ordering the plaintiff to proceed to trial without the benefit of counsel. Given the circumstances involved here we affirm the trial court’s ruling.
On May 18, 1988, plaintiff, an LPN, filed suit alleging a slip and fall at work on June 30, 1987, and claiming total permanent disability. After being declared fit to return to full employment and discharged by her physicians on October 13, 1987, defendant terminated weekly compensation benefits on January 31, 1988.
After plaintiff applied for and obtained continuances of two previously held pre-trial conferences, at a pre-trial conference held in December 1988, the trial judge set the case for trial on the merits on April 7, 1989. On plaintiff’s motion, the trial set for April 7, 1989 was reset for May 30, 1989. According to a letter filed as Inter-venor # 1, dated April 5, 1989 (claimed by intervenor to have been received on May 9, 1989), plaintiff terminated her former counsel’s employment. The May 30, 1989 trial date was continued on the basis plaintiff needed time to retain new counsel. At the same time a status conference was set for June 20, 1989. Although the plaintiff per *1162 sonally appeared at the courthouse on June 20, 1989, she left before the conference was held; hence, the trial judge issued an order giving plaintiff until July 20, 1989 in which to retain counsel and scheduled a status conference for August 17, 1989. In August the case was again reset for trial on the merits on November 7, 1989.
On November 7, 1989, plaintiff again appeared without counsel. She informed the court that she had turned her files over to her new counsel, Mr. Jenkins, the week before. In response, the trial judge said:
“.... I mean, we have so many trial dates that we can schedule these things. We’ve set status conferences, we’ve given time for you to employ counsel. Mr. Jones came here. He told me that he talked to you, that y’all were not able to reach any kind of agreement as to compensation, and that was back in June. You were given until July; this is November, and it’s time this ease move one way or the other, so I’m going to wait just long enough for her to make a phone call, but I’m not giving you any hopes that this case is going to be continued or anything else.... ”
The exercise of a trial judge’s discretion in granting or refusing a continuance should not be disturbed in the absence of abuse. LSA-C.C.P. Article 1601; Green v. Gary Memorial Hospital, 505 So.2d 196 (3rd Cir.1987).
Given the record before us, particularly the fact plaintiff was given repeated opportunities to employ new counsel, but failed to do so, we cannot say the trial judge abused his discretion. Further, in the absence of any specific or inferred reason for plaintiff’s failure to retain new counsel earlier, or the showing of specific prejudice from her failure to have assistance of counsel, we cannot say the trial judge erred in proceeding with the trial and, on the record before us, dismissing plaintiff’s claim. Accordingly, we affirm the trial court’s judgment.
AFFIRMED.