588 So.2d 171 (1991)
Ellis YOUNG
v.
BAYOU STEEL CORPORATION.
No. 91-CA-272.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
Fred R. DeFrencesch, LaPlace, for plaintiff-appellant.
Janice Unland, Metairie, for defendant-appellee.
Before KLIEBERT, C.J., and BOWES and GAUDIN, JJ.
KLIEBERT, Chief Judge.
Plaintiff, Ellis Young, appealed the trial court's judgment granting the request for directed verdict by defendant, Bayou Steel Corporation, and dismissing plaintiff's worker's compensation action with prejudice. We affirm.
This matter was originally set for trial on December 21, 1988. On motion of the plaintiff it was re-set for February 23, 1989. The plaintiff then requested a continuance of that trial date and the matter was re-set for trial on May 17, 1989. That trial date was again continued at the request of the plaintiff and trial was re-set for September 19, 1990. At that time the plaintiff was not ready for trial and the matter was re-set for September 19, 1990. At that time the plaintiff was not ready for trial and the matter was re-set for September 25, 1990.
On September 25, 1990, the plaintiff, although having had sufficient time in which to secure additional counsel, appeared in proper person and, when the docket was called, the plaintiff indicated that he would like another continuance. The trial judge refused that request for continuance, ordered the plaintiff to proceed with the trial and advised him if he refused to put on any evidence the court would have no alternative but to dismiss the case. The plaintiff refused to testify or put on any evidence. The attorney for the defendant then moved for a directed verdict dismissing the plaintiff's suit based on the fact he had not carried his burden of proof. The Court granted defendant's motion dismissing the case. Plaintiff now appeals.
*172 The trial court has wide discretion in the control of his docket and his decision on a request for a continuance will not be disturbed absent an abuse of discretion; see Sauce v. Bussell, 298 So.2d 832 (La.1974); Every v. City of New Orleans, 514 So.2d 556 (4th Cir.1987), writs denied, 515 So.2d 1111 (La.1987). Here plaintiff requested and was granted three continuances of his trial. A fourth continuance was ordered when plaintiff was not ready for trial. At the fifth trial setting, although he had time to secure additional counsel, plaintiff appeared in proper person and requested another continuance which was refused. He then refused to put on any evidence after being warned the case would be dismissed if he failed to do so. Because plaintiff refused to put on a case, the court had no alternative but to dismiss plaintiff's suit. See Every, supra.
Accordingly, for the foregoing reasons, the trial court judgment is affirmed.
AFFIRMED.