602 So.2d 264 (1992)
Leslie R. COFFMAN, Plaintiff-Appellee,
v.
Robert MAINHARDT, Defendant-Appellant.
No. 23752-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*265 Donald L. Kneipp, Monroe, for defendant-appellant.
Frank Sloan, Covington, Robert G. Foley, Monroe, for plaintiff-appellee.
Before LINDSAY, VICTORY and BROWN, JJ.
LINDSAY, Judge.
The defendant, Robert Mainhardt, appeals from a trial court judgment declaring the plaintiff, Leslie R. Coffman, to be the owner of a particular .50 caliber carbine. The defendant complains only that the trial court erred in denying his motion for a continuance. For the following reasons, we affirm.

FACTS
On July 5, 1990, the plaintiff, Leslie R. Coffman, filed suit for declaratory judgment. Made defendant was Robert Mainhardt. Plaintiff's petition alleged that plaintiff had paid the defendant $2,000 for a .50 caliber "Gyrojet Rocket" carbine that once belonged to President Lyndon B. Johnson. The plaintiff alleged that he wired the money to the defendant and the defendant failed to deliver the carbine. The plaintiff sought to be declared the owner of the weapon. Plaintiff sought to obtain service of process pursuant to the Louisiana Long-Arm Statute.
Upon receiving notice of the filing of the suit against him, the defendant, a resident of California, sent a letter, with several attachments, to the Ouachita Parish Clerk of Court's Office on August 1, 1990. This letter was treated as an answer to the suit and was duly filed in the record.
In his answer, the defendant admitted receipt of the amount of $2,000 for the carbine and acknowledged that the plaintiff had requested either that the defendant deliver the carbine or return the money. The defendant indicated that it was his intention to return the plaintiff's money. However, he intended to deduct amounts for other, unrelated merchandise which was in plaintiff's possession. The defendant also stated that the plaintiff was in possession of some letters from the defendant's "President Johnson Collection." The defendant stated that he wanted to arrange the exchange of the money and the letters through a mutual acquaintance.
A pretrial conference was held on January 17, 1991. The defendant was not present and was unrepresented. In a pretrial order, trial was set for February 14, 1991. The record shows that notice of the trial date was mailed to the defendant on January 17, 1992.
*266 Shortly after the mailing of notice of trial, the defendant telephoned the trial judge, apparently seeking to have the matter continued. The trial judge informed the defendant of local court rules whereby continuances are granted on joint motion of all parties or after a contradictory hearing.[1]
The trial judge instructed the defendant to obtain counsel to represent him contradictorily or to contact opposing counsel and obtain a joint motion to continue.
On February 11, 1991, the defendant contacted and employed present counsel. Defendant's counsel knew that the defendant's case was set for trial on February 14, 1991 in courtroom # 5 of the Ouachita Parish courthouse. Defendant's counsel was also aware that on February 14, 1991, he was scheduled to appear in other civil cases in courtroom # 1 of the same courthouse. In spite of this fact, counsel accepted representation of the defendant. On February 11, 1991, defendant's counsel filed an ex parte motion for continuance with the trial judge.
The trial judge denied the motion that day, citing the local court rule prohibiting the granting of ex parte motions to continue and informing defendant and his counsel that if desired, they could have a contradictory hearing on the motion on the day of the trial.
Defense counsel took no further action and failed to appear on behalf of the defendant on February 14, 1991, the date set for trial. The trial court proceeded with the trial. At the conclusion of the trial, the trial court rendered judgment in favor of the plaintiff, declaring him to be the owner of the rifle in question.
The defendant then filed a motion for new trial, claiming the trial court erroneously denied the defendant's motion for a continuance. On July 22, 1991, a hearing was held on the motion for new trial. The defendant's counsel argued that when he was contacted by the defendant on February 11, 1991, regarding handling the case, the defendant stated he had only recently learned that trial was set for February 14, 1991. The attorney also stated that the defendant told him he had talked to someone with the court who told him that if he retained counsel and requested a continuance, the motion for continuance would be granted.
The defendant's counsel also contended that the trial date was set approximately 30 days after the pretrial conference (arguably a very short time), and that notice of the setting of trial was not sent to the defendant's correct address and was delayed in reaching him.
The trial court rejected these arguments. The court stated that it remembered having the aforementioned telephone conversation with the defendant regarding continuances shortly after the January 17 pretrial conference when the case was set for trial. The trial court denied the defendant's motion for new trial. The defendant appealed, arguing that the trial court erred in denying the motion for continuance.[2]

MOTION FOR CONTINUANCE
The Louisiana Code of Civil Procedure provides that there are discretionary and peremptory grounds for continuances. Peremptory grounds include the inability, with the exercise of due diligence, to obtain evidence material to the case or, that a material witness has absented himself without the contrivance of the party applying for the continuance. LSA-C.C.P. Art. 1602. Under discretionary grounds, LSA-C.C.P. *267 Art. 1601 provides that a continuance may be granted in any case if there is good ground therefor.
It is well settled that the trial court has great discretion in granting or denying a motion for a continuance under LSA-C.C.P. Art. 1601 and the trial court's ruling will not be disturbed on appeal in the absence of clear abuse. Morrison v. Johnston, 571 So.2d 788 (La.App. 2d Cir.1990), writ denied 575 So.2d 367 (La.1991); Board of Supervisors v. Holt, 572 So.2d 759 (La. App. 4th Cir.1990).
Among the factors the trial court considers in deciding a motion for continuance are diligence, good faith, and reasonable grounds. Sparacello v. Andrews, 501 So.2d 269 (La.App. 1st Cir.1986), writ denied 502 So.2d 103 (La.1987).
A motion for continuance because of a scheduling conflict is a discretionary ground under LSA-C.C.P. Art. 1601. Rodriguez-Farr Insurance Agency, Inc. v. Sharp, 431 So.2d 889 (La.App. 2d Cir.1983), writ denied 439 So.2d 1075 (La.1983). There is no right to a continuance because of the conflict in counsel's schedule. Rodriguez-Farr Insurance Agency, Inc. v. Sharp, supra.
Continuances are often denied when urged on the ground of counsel's scheduling conflicts or absence. See Sather v. White, 388 So.2d 402 (La.App. 1st Cir. 1980); Town of Richwood v. Goston, 340 So.2d 632 (La.App. 2d Cir.1976), writ denied 342 So.2d 871 (La.1977); Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir.1972); Ten Point Properties, Ltd. v. Roussel, 506 So.2d 179 (La.App. 5th Cir.1987).
In the present case, the trial court did not abuse its discretion in refusing to grant the defendant's motion for continuance. On January 17, 1991, the case was set to be tried on February 14, 1991. The case was not complex and did not require extensive discovery or extensive trial preparation. Therefore, the setting of the trial, to take place approximately one month after the pretrial conference, was proper.
Shortly after the defendant received notice of the trial date, he contacted the trial court regarding a continuance. The trial court instructed the defendant as to how a continuance could be obtained. The defendant then waited until three days before his trial date to retain counsel. He then employed counsel who had a scheduling conflict on the trial date. Counsel then improperly sought to obtain a continuance ex parte. When this effort was denied by the trial court, the defendant and his counsel failed to appear to argue the motion for continuance (even though counsel was apparently appearing in another courtroom in the Ouachita Parish courthouse), and also failed to have any other person appear on the defendant's behalf to argue the motion contradictorily or represent the defendant at the trial on the merits.
The facts of the present case are distinguishable from those in Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.1984), writ denied 461 So.2d 316 (La.1984), and Shields v. Crump, 499 So.2d 479 (La.App. 2d Cir. 1986), writ denied 501 So.2d 214 (La.1987). In Halley, the defendant's attorney withdrew the day before trial. The trial court denied the defendant's motion for continuance; the defendant was required to go to trial unrepresented. Under those circumstances, this court ruled that the denial of the motion to continue was erroneous.
In Shields, the defendant was unable to obtain her case file from her original attorney and then contacted 10 to 11 other attorneys before she was able to find an attorney who would handle her case. At the point the plaintiff finally obtained representation, the trial date was four days away. Her motion for continuance was denied by the trial court. In Halley and Shields, this court ruled that the appellants were entitled to continuances. However, in each case, the appellant acted diligently in seeking to obtain representation.
In the present case, the defendant has failed to demonstrate that he acted diligently in obtaining representation. When he finally sought representation, he employed counsel who he knew was not able to appear for him on the date scheduled for trial. Further, in seeking to obtain *268 a continuance, the defendant and his counsel failed to comply with local court rules.
Under these circumstances, the trial court did not abuse its discretion in denying the defendant's motion for continuance.

CONCLUSION
For the reasons stated above, we find no error in the trial court's denial of the defendant's motion for a continuance. Accordingly, we affirm the trial court judgment declaring the plaintiff, Leslie R. Coffman, to be the owner of the carbine.
AFFIRMED.
NOTES
[1] Rule XI of the Fourth Judicial District Court provides in pertinent part:

B. No continuance of any matter fixed for hearing, whether on Rule Day or on the merits, will be granted ex parte or oral request. [sic]
C. Continuance will be granted only:
4. If a written motion joined by all parties is presented to the judge to whom the matter is assigned or who is scheduled to preside on the Rule Day fixed, and the judge finds that the continuance is proper; or
5. If after a contradictory hearing in open court of a contested motion for continuance, the judge finds good cause therefor.
[2] In his brief, the defendant objects only to the trial court's denial of his motion to continue. The defendant does not allege error regarding the merits of the trial court judgment declaring the plaintiff to be the owner of the carbine.