647 So.2d 1219 (1994)
Cherie G. GILCREASE, Plaintiff-Appellant,
v.
Stephen R. BACARISSE, et al., Defendant-Appellees.
No. 26318-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Rehearing Denied January 19, 1995.
*1220 Chris J. Roy, Alexandria, for appellant.
Bodenheimer, Jones, Klotz & Simmons by Harry Simmons, Lunn, Irion, Johnson, Salley & Carlisle, by Marshall R. Pearce, Shreveport, for appellee.
Before NORRIS, HIGHTOWER and VICTORY, JJ.
NORRIS, Judge.
The plaintiff, Cherie Gilcrease, appeals from a trial court judgment denying her motion to continue the trial and dismissing with prejudice her personal injury suit against the defendants, Stephen Bacarisse, his insurer, Safeco Insurance Company of America, and her UM carrier, State Farm Mutual Automobile Insurance Company. Finding the trial court did not abuse its discretion in denying Ms. Gilcrease's third request for a continuance, and noting her pattern of refusing to honor court deadlines, we affirm.

Facts and Procedural Background
On August 2, 1985, Ms. Gilcrease filed a petition for damages sustained the previous August when Stephen Bacarisse allegedly struck her car from behind. The court granted her request to proceed in forma pauperis. The defendants filed answers, denying that an accident occurred and requesting a jury trial. On August 13, 1985, Ms. Gilcrease's attorney, Jack Bailey, withdrew. She retained James Franklin on December 4, 1985, who withdrew on March 20, 1986, citing her lack of cooperation. On May 12, 1986, she employed Charles Rowe; he withdrew on April 21, 1988. For four months in late 1988, she retained James Johnson, who also withdrew. On March 13, 1989, Ms. Gilcrease, in proper person, filed a motion for extension of time to retain counsel; the court granted her an additional 15 days. The parties attended a pre-trial status conference on April 6, 1990 (Ms. Gilcrease in proper person), and trial was set for September 24, 1990. On September 18, less than one week before trial, James Graves enrolled as counsel for plaintiff and requested a continuance to prepare for trial. The court granted the continuance over the defendants' objections.
Following another pre-trial status conference held on July 2, 1991, the court set the trial for November 18, 1991. For undisclosed reasons, the court reset the trial date for May 11, 1992. However, a few weeks before trial, on April 21, 1992, Graves withdrew; the court gave Ms. Gilcrease 20 days to retain counsel. Because of the delay, on May 8, 1992, defendants filed a motion to suspend any legal interest from April 21, 1992 until the rendition of judgment; the court granted the motion. By August, Ms. Gilcrease still had not obtained counsel. The defendants had also tried unsuccessfully, since April of 1986, to depose her. For these reasons, on August 7, 1992, defendants filed a rule to show cause why her suit should not be dismissed. However, on August 24, 1992, Ms. Gilcrease failed to appear for the hearing on the rule. Defendants presented evidence and on August 27, the trial court dismissed the suit with prejudice.
The defendants subsequently learned that Ms. Gilcrease had not been served with either the rule to show cause or the judgment of dismissal. On November 4, 1992, they filed another rule to show cause why her suit should not be dismissed; the hearing was *1221 scheduled for December 7, 1992. Ms. Gilcrease appeared in proper person and the parties agreed to continue the hearing until February 8, 1993 for her to find an attorney. On that date, however, she appeared again without counsel, and the court scheduled a jury trial on the merits for May 10, 1993. In April, the defendants filed a motion to waive their request for a jury trial; the court granted the motion. On May 10, however, Ms. Gilcrease appeared in proper person and demanded a jury trial. Consequently, the court fixed a jury trial for October 11, which was later changed by the court to October 25, 1993.
Ms. Gilcrease wrote a letter to the trial judge (dated October 21 and delivered on October 22), seeking another continuance because she allegedly had been unable to retain counsel. She listed numerous attorneys and legal clinics she claimed to have contacted, but all had refused to take her case. She also stated that she suffered from severe depression and that her treating physician, Dr. Burda, had advised against representing herself at trial. She appeared in proper person on the day of trial and reurged the motion to continue. In response, the defendants filed a joint motion in opposition to the continuance and a joint motion to dismiss.
The trial judge noted that Ms. Gilcrease had been instructed many times to retain counsel or be prepared to represent herself, the trial had been set for some time, and the last time the parties were in court, he had "very carefully directed [her] to be prepared to proceed today." R.p. 251. The court considered the grounds for a continuance provided by La.C.C.P. arts. 1601 and 1602 and prior case law and concluded:
This case has been pending eight years. It's time for it to be tried. This is the only thing left on the docket. And as I said before, the jury venire has been waiting now for some 40 minutes after having seen a jury video film. And there comes a time when these matters need to be either tried or put to rest. I have considered the case in detail. Ms. Gilcrease, in my view, has had ample time to secure an attorney from 1984 to the present. And certainly since the spring of 1992, she has had, in my opinion, reasonable opportunity to obtain a lawyer. R.pp. 257-58.
The court denied plaintiff's request for a continuance. Ms. Gilcrease refused to proceed, and the court granted defendants' motion to dismiss the case.
Ms. Gilcrease filed a motion for a new trial in proper person on November 4, 1993, and the hearing was set for November 22. The hearing was continued until December 13. On December 2, Ms. Gilcrease retained an attorney, who represented her at the new trial hearing (and on appeal). The trial court denied her motion for new trial, finding no new evidence. A final written judgment was signed on December 29, 1993. Ms. Gilcrease appealed. By her sole assignment, she contends the trial court erred in refusing to grant her request for a continuance and dismissing the suit.

Applicable Law
A continuance may be granted on either peremptory or discretionary grounds. The peremptory grounds which require that a continuance be granted are not at issue in the instant case. La.C.C.P. art. 1602. Nevertheless, a continuance may be granted in any case if there is good ground therefor. La.C.C.P. art. 1601.
The trial judge must consider the particular facts in each case in deciding whether to grant or deny a continuance. Katz v. Melancon, 467 So.2d 1284 (La.App. 4th Cir.1985). Some factors to consider are diligence, good faith and reasonable grounds. Katz, supra; Sparacello v. Andrews, 501 So.2d 269 (La.App. 1st Cir.1986), writ denied, 502 So.2d 103 (1987). Equally important is the defendant's corollary right to have his case heard as soon as is practicable. Lambert v. Heirs of Adams, 325 So.2d 331 (La. App. 3d Cir.1975), writ denied, 329 So.2d 458 (1976). The trial judge may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Keyes v. Johnson, 542 So.2d 209 (La.App. 3d Cir.), writ denied, 546 So.2d 1215 (1989).
Generally, a litigant whose lawyer withdraws at or near trial may be entitled to *1222 a continuance to employ another attorney. Sands v. State Through La. State Med. School of Dentistry, 458 So.2d 960 (La.App. 4th Cir.), writ denied, 460 So.2d 1044 (1984). However, because the defendant's desire to have the case against him tried is also a factor, the plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel. See Every v. City of New Orleans, 514 So.2d 556 (La.App. 4th Cir.), writ denied, 515 So.2d 1111 (1987).
A trial judge is vested with wide discretion in granting or denying a continuance under La.C.C.P. art. 1601, and his ruling will not be disturbed on appeal in the absence of clear abuse. Sauce v. Bussell, 298 So.2d 832 (La.1974); Coffman v. Mainhardt, 602 So.2d 264 (La.App.2d Cir.1992). A trial judge is also vested with great discretion in dismissing a lawsuit with or without prejudice. La.C.C.P. art. 1672 A; Malter v. McKinney, 310 So.2d 696 (La.App. 1st Cir. 1975).

Discussion
Ms. Gilcrease contends the trial court abused its discretion in failing to grant her request for a continuance and dismissing her suit. In support she points to two "extenuating circumstances," her illness and inability to retain counsel. She also argues that the order attached to the defendants' motion to dismiss and signed by the trial court should be vacated and set aside because it did not meet the requirements for a final judgment under La.C.C.P. art. 1918.
Ms. Gilcrease had five different attorneys representing her at various times during the eight years this case had been pending. She admitted on the final trial date that she "had to let some of them go." R.p. 247. Her last attorney withdrew on April 21, 1992, eighteen months before the final trial date; though she had ample time to secure another attorney, she failed to do so. One previous judgment of dismissal against Ms. Gilcrease had been vacated. The suit had been fixed for trial five times. Ms. Gilcrease upset three scheduled trial dates and one rule date mainly because she needed additional time to retain counsel. Due to the numerous delays, defendants requested and were granted the suspension of legal interest on any judgment in favor of Ms. Gilcrease.
Ms. Gilcrease not only refused to cooperate with her own attorneys, but also with the defendants. Defendants were eventually forced to compel Ms. Gilcrease by court order to answer interrogatories, appear for a deposition and submit to an independent medical exam. Ms. Gilcrease also successfully evaded service of both the defendants' rule to show cause why the suit should not be dismissed and the first judgment of dismissal.
Prior to the May 10, 1993 trial date, defendants specifically waived their request for a jury trial; however, plaintiff appeared in proper person that day and demanded a jury trial. Trial was again delayed and the court refixed the jury trial for October of 1993. Ms. Gilcrease had another four months to retain counsel. She then delayed in requesting a continuance because she was still unrepresented until the Friday evening immediately preceding her Monday morning jury trial.
On the morning of trial, a venire of some 50 to 60 prospective jurors were present awaiting trial, all at public expense, because of Ms. Gilcrease's jury request. Of the nine or ten cases on the docket, only this case remained. Despite numerous continuances, express warnings to either secure counsel or be prepared to represent herself and repeated opportunities to retain counsel, Ms. Gilcrease appeared in court without counsel, seeking yet another continuance.
Ms. Gilcrease claims that she attempted to retain an attorney in the year and a half between her attorney's withdrawal and the instant trial; in fact, she never did secure other counsel. Ms. Gilcrease claims her depression and anxiety prevented her from representing herself at trial. There is little record evidence to demonstrate the extent of her depressive illness. In any event, even if the condition prevented her from undergoing a jury trial without an attorney, she was aware of her illness and need to find counsel far in advance of the final trial date.
In support of her argument that the trial court should have granted the continuance, *1223 Ms. Gilcrease cites Halley v. Halley, 457 So.2d 108 (La.App.2d Cir.), writ denied, 461 So.2d 316 (1984), and Shields v. Crump, 499 So.2d 479 (La.App.2d Cir.1986), writ denied, 501 So.2d 214 (1987). In Halley, defendant's counsel withdrew one day before trial. That same day, defendant filed a written motion in proper person requesting a continuance. Defendant introduced into evidence a letter showing she had retained an attorney, and that a reasonable time period was needed to prepare for trial. The trial court denied the motion. She renewed the motion in court on the day of trial; it was denied and she proceeded unrepresented. We reversed finding that the court's refusal to grant the continuance had effectively denied defendant her day in court.
In Shields, the plaintiff's attorney withdrew in April 1985. Plaintiff retained counsel four days before the trial set for December 9, 1985. At trial, plaintiff's counsel requested a continuance, and introduced evidence showing that plaintiff had trouble obtaining her file from her previous attorney and that she had contacted 10 or 11 attorneys before one agreed to take the case. The trial court denied the motion. Plaintiff's attorney withdrew and she proceeded in proper person. The trial court granted defendant's motion for an involuntary dismissal. We reversed based on two similar Supreme Court cases wherein "the plaintiff had not previously been granted a continuance and there was no indication of any significant prejudice to the defendant or to the court schedule if a continuance were to be granted." Shields v. Crump, supra at 481.
Halley and Shields are clearly distinguishable in that the litigants therein did, in fact, retain counsel prior to trial; Ms. Gilcrease did not. She simply sought indefinite continuances until some time when she might retain counsel. Ms. Gilcrease had also previously been granted several continuances specifically to allow her additional time to find an attorney.
In September 1990, the court granted a continuance, allowing Ms. Gilcrease's newly enrolled counsel time to prepare, over both defense counsel's objections. Ms. Gilcrease's attorney withdrew on April 21, 1992 and she failed to employ counsel over the next eighteen months. The court granted plaintiff additional time to find counsel; she did not comply, effectively continuing the trial set for May 11. Ms. Gilcrease appeared in court again unrepresented in December 1992, and the court continued the hearing on defendant's rule to dismiss until February 1993, allowing Ms. Gilcrease yet another opportunity to find an attorney. At the February hearing, she still had not retained an attorney; the court did not dismiss her suit, but set a trial date for May, which was eventually reset for October. On the final scheduled trial date, plaintiff showed up without counsel and seeking a third continuance for more time to employ an attorney. Notably, defendants appeared with counsel, ready to proceed each time.
Fairness to both parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance. Austin v. Bearden, 566 So.2d 1003 (La.App. 3d Cir.), writ denied, 568 So.2d 1086 (1990) (emphasis added). The trial court could not possibly have predicted when, or if, plaintiff would retain an attorney, and the court cannot be closed to defendants who wish to have the case resolved. Austin, supra. Plaintiff is not entitled to indefinite continuances simply because she contends she is unable to secure counsel. Every, supra; Bowser v. Burch, 568 So.2d 1161 (La.App. 5th Cir.1990); Young v. Bayou Steel Corp., 588 So.2d 171 (La.App. 5th Cir.1991).
Based on the court's docket, fairness to both parties and the need for orderly and prompt administration of justice, the trial court deemed it necessary to deny Ms. Gilcrease's request for a continuance. Ms. Gilcrease refused to proceed with a jury trial and the court dismissed the suit. Considering Ms. Gilcrease's numerous delays and continuances, and her failure to secure counsel despite having ample time to do so, we find that the trial court did not abuse its discretion in denying her request for a continuance and then dismissing her suit when she failed to proceed with trial. See Young; Every, supra.
*1224 Although not assigned as error, Ms. Gilcrease contends that the "judgment" of the trial court in the form of a signed order at the bottom of the defendants' motion to dismiss is not a proper final judgment. La. C.C.P. art. 1918 requires a final judgment to be "identified as such by appropriate language." The comments explain that the form and wording of judgments is not sacramental, but must be precise, definite and certain. Official Revision Comment (a).
While the order is not entitled "judgment," the substance is essentially identical to the original judgment of dismissal rendered by the trial court. R.p. 191. It orders that "all the claims and demands of plaintiff, Cherie G. Gilcrease, against defendants, Stephen R. Bacarisse, Safeco Insurance Company of America and State Farm Mutual Automobile Insurance Company, be and they are hereby dismissed with prejudice at the cost of plaintiff." The trial judge signed the order in open court after hearing testimony from both parties and assigning oral reasons for its judgment. Clearly, the precise and definite language in this order was indicative of a final judgment. This argument lacks merit.
For the reasons expressed, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Ms. Gilcrease, to the extent permitted by La. C.C.P. art. 5188.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, HIGHTOWER and BROWN, JJ., and PRICE, J., Pro Tem.
Rehearing Denied.