hBELSOME, J.,
concurs in part and dissents in part with reasons.
I respectfully concur in part and dissent in part. I concur with the majority’s result that the judgment regarding the cross-claim and/or reconventional demand to the petition for intervention filed by Robert J. Caluda be reversed and vacated and remand for a new trial. However, I disagree with the majority’s opinion that all judgments rendered below be reversed and vacated and remanded for a new trial, which would include the petition for intervention filed by Peter A. Barbee and the firm of Barbee & Associates, L.L.C. That judgment, dismissing the intervention, should be affirmed.
On January 5, 2004, the trial judged signed an order setting March 16, 2004, as the trial date for the petition for intervention. During the intervention trial, according to the trial transcript, counsel for Mr. Barbee, Mr. Clarence Roby, Jr., stated, the day before trial, Mr. Barbee was having problems trying to find somebody to cover his docket in the 25th Judicial District Court in Plaquemines Parish where he serves as a supervisor in the Indigent Defenders Office. Mr. Roby further stated that, the day of trial, he spoke with Mr. Barbee as late as three o’clock and at that time, Mr. Barbee was in the proceeding. It was only at that time which Mr. Roby made a motion to have the matter continued.
|2Trial judge has inherent power to take whatever reasonable actions are necessary to maintain control of his docket. Brower v. Quick Service Body Shop, 377 So.2d 878 (La.1979). A trial judge must look to the facts of each case when a motion to continue is requested. The factors to consider are “diligence, good faith and reasonable grounds.” Katz v. Melancon, 467 So.2d 1284, 1285 (La. 4 Cir.1995). In this case, a motion to continue was not filed until the morning of trial. Further, the court in its oral reasons for judgment, stated:

... I think at the very least Mr. Barbee could have filed a motion to continue this matter. At the very least, he could have been honest with this Court as to his whereabouts because my staff has called and he is not in either section of court in Plaquemine’s Parish. And this has been a very contentious and hotly contested matter that I’ve dealt with on lots of days, and it’s just a little strange to me that the day it’s set to go to hearing there is no appearance, no phone call.

[Emphasis added.]
It is evident to this author that the trial court did not find diligence, good faith and reasonable grounds to grant the continuance and did not err in dismissing the intervention with prejudice. In fact, once the trial date was set on January 5, 2004, over intervenor’s objection, intervenor failed to file any written motions, or writ applications until the morning of trial. Then, only orally moving for a continuance due to an alleged conflict. Once investigated by the trial court, this alleged conflict was found to be not only misleading, but so false as to constitute clearly sanc-tionable behavior given the history and record of the case.
The fact that the trial court has wide discretion to control its own docket, that Peter A. Barbee and the firm of Barbee & Associates, L.L.C. were represented by independent counsel at trial, and they had adequate notice, I find there was no clear abuse of discretion in the trial courts denying their request for continuance and dismissing the intervention. |s Therefore, I would affirm the trial court regarding the petition for intervention filed by Barbee.